## COMMONWEALTH *versus* PHILIP TRIMMER & AL

Feme-covert not chargeable for larceny jointly with her husband. Removing a plank which is loose, and is not fixed to the freehold, in a partition wall of a building, is not a *breaking* within the statute.

THE indictment charged that *Philip Trimmer, Susanna Trimmer,* the wife of said *Philip,* and *Patience Whitney,* broke and entered the *store* of *Joseph Haley,* with intent to steal, and that they did steal therefrom, the goods, &c., of said *Haley,* of the value, &c., against the statute.

The Court said the indictment could not be supported against *Susanna Trimmer,* as she was charged with having committed the crime jointly with her husband. Whereupon the *Solicitor-General* (*Davis*) entered a *nolle prosequi* as to her, and proceeded to trial against the other defendants, who pleaded not guilty.

It appeared in evidence that the goods stolen were the property of *Haley* and one *Joshua Emery,* who were partners in trade. Upon which, SEDGWICK, J., (*then* only in court,) said if the cause proceeded, there must be an acquittal, as a conviction on this indictment would be no bar to another prosecution. The defendants consented to an amendment of the indictment; and it was then proved that the goods stolen were found in the dwelling-house of *Trimmer,* in whose family the other defendant, *Patience Whitney,* re-sided; that *the store from which the goods were stolen [ * 477 ] was a room (of the dwelling-house) in the occupation of the persons whose goods were stolen, and the goods found were concealed in another room of the house, between which and the room from which they were taken there was a vacant unoccupied room, and through which *Patience Whitney* and the wife of *Trimmer* passed and entered the store by removing a plank in the partition; the plank was not fixed or fastened, but was so loose that it could be slid back and forth; that through this passage *Patience Whitney,* the defendant, and *Susanna Trimmer,* had from time to time, for the term of three months, passed and taken the goods, in small parcels at a time, and concealed them in the room where they were afterwards found. This fact appeared in evidence from the voluntary confession of *Patience Whitney.* It was also in evidence that *Trimmer* had been recently married, that the goods were all stolen previous to his marriage to his now wife, and that she, at the times when they were stolen, was the occupier of that part of the dwelling-house in which they were found concealed; but

there was no evidence that *Philip Trimmer*, the defendant, had any knowledge that the goods stolen were in his house.

The Court (*Sedgwick* and *Sewall*, justices) doubted whether there was such a breaking proved, the plank being loose, and having no fastening, as to bring the case within the statute, (*a*) and directed the jury to acquit *Patience Whitney* of that part of the charge, and if they believed the witnesses, to convict her of the simple larceny only. (1) As to *Trimmer*, they were clearly of opinion that he must be acquitted. The jury found a verdict accordingly.

(*a*) Act March 15, 1785, *sect.* 8. (*stat.* 1784, *c.* 66.)
(1) Vid. post, vol. x. 152, *Commonwealth* vs. *Neal & Ux.*