NEW-YORK,
Nov. 1810.

TUTTLE
v.
MAYO.

SPENCER, J. not having heard the argument in the cause, declined giving an opinion.

Motion denied.

———❖———

## TUTTLE *against* MAYO.

Where the plaintiff declares on a special agreement, and attempts to recover thereon; but fails altogether, he may recover on a general count in his declaration, if the case be such, that if there had been no special agreement, he might have recovered on a general count, as for money had and received.
It is not necessary, in all cases, to give positive evidence that the defendant has received money belonging to the plaintiff; but where, from the facts proved, it may fairly be presumed the defendant has received the plaintiff's money, the plaintiff may recover for money had and received to his use.

THIS was an action of *assumpsit*. The declaration contained five counts. The first was on a special agreement, for that whereas the defendant, on the 28th of *July*, 1808, at, &c. in consideration that the plaintiff, at the special instance and request of the defendant, would cause to be delivered to the defendant 36 barrels of pork, on sale, or to return the same to the plaintiff, when thereto afterwards requested, the defendant undertook, &c. to return the said 36 barrels of pork to the plaintiff, when thereunto requested, or otherwise the defendant would be the buyer thereof, or be accountable to the plaintiff for so much as should not be returned, at the price of 21 dollars *per* barrel, saving to himself 12 1-2 *per cent.* for selling, and would pay to the plaintiff the said 21 dollars *per* barrel for the same, &c. The plaintiff averred the delivery of the pork, pursuant to the agreement, and that the defendant did not, afterwards, when requested, &c. return the 36 barrels of pork, or any part thereof, &c. The *second* and *third* counts were for goods sold and delivered; the *fourth*, for money paid, &c. and the *fifth*, for money had and received to the use of the plaintiff.

To the first four counts, the defendant pleaded *non assumpsit*, and gave no answer to the fifth, on which a default was entered. The jury were authorized to assess the damages on the fifth count, as well as to find the truth of the issue joined on the other counts.

The plaintiff produced the receipt of the defendant for 36 barrels of pork of the plaintiff, dated the 18th of *July*, 1808.

It was proved, that the defendant had admitted that 6 barrels had been left with one *Corbin*, to be sold ; that 10 or 12 had been delivered to the plaintiff's order, and that 18 remained in the defendant's possession. Four of the barrels left with *Corbin* were returned to the plaintiff, and the other two were sold.

The defendant's counsel moved for a nonsuit, on the ground, that the evidence did not support the first count on the agreement, but the motion was overruled by the judge. It was admitted, that the plaintiff was entitled to recover 37 dollars, for the two barrels sold, under the fifth count. The judge charged the jury, that the plaintiff was entitled to recover for the 18 barrels not returned, at the rate of 21 dollars, deducting 12 1-2 *per cent.* commissions on the amount, with the interest, from the 21st of *March*, 1809; and the jury found a verdict accordingly.

A motion was made to set aside the verdict, and for a new trial, for the misdirection of the judge. The case was submitted to the court without argument.

*Per Curiam.* On the trial, the plaintiff gave in evidence the defendant's receipt, for 36 barrels of pork, in store, to be delivered to the plaintiff's order ; no other evidence was given in support of the special count. But from the evidence it appeared, that part of the pork had been sold ; and the money was in the defendant's hands. With respect to another part of the pork, though there is no direct evidence that the defendant sold it, the inference is irresistible that he had sold it, and had the money in his pocket.

There is some contrariety in the books, on the question, whether a plaintiff, after having attempted to support a count on a special agreement, and failed, may resort to

the general counts? We think the rule laid down by Sir *James Mansfield*, in 1 *Bos. & Pull. N. S.* 355. is correct and accurate, and therefore adopt it; it is this, where a party declares on a special agreement, seeking to recover thereon, but fails altogether, he may recover on a general count, if the case be such, that supposing there had been no special contract, he might still have recovered. In this case the plaintiff failed wholly in making out a special agreement, and under the count for money had and received, the evidence entitled him to recover.

It is not necessary, in all cases, to give positive evidence, that the defendant had received money belonging to the plaintiff. Where, from the facts proved, it may be fairly presumed he has received the plaintiff's money, the action for money had and received is maintainable. (*Doug.* 137.)

The verdict is perfectly just; and unless some legal principles have been violated, and we think none have been, there ought not be a new trial.

                                        Motion denied.