## Case No. 12,570c.

### SCULL v. ROANE.

[Hempst. 103.] 1

Superior Court, Territory of Arkansas. Jan., 1831.

APPEAL — BAD COUNT IN DECLARATION — EVIDENCE — NOTES — WHEN PAYABLE.

1. Where there is a good and bad count in a declaration, and it appears that the evidence was applied solely to the bad count, the judgment must be reversed.

2. Where a note was payable when E. shall settle her accounts with S., held, that S. was bound to coerce a settlement by suit or otherwise, and that the cause of action accrued to the payee after the lapse of one year, that being a reasonable time.

Appeal from Arkansas circuit court.

[This was an action by Hewes Scull against Samuel C. Roane.]

Before JOHNSON and ESKRIDGE, JJ.

ESKRIDGE, J. This is an action of assumpsit, brought by the appellee against the appellant. The declaration contains three counts. The first, upon a note for the payment of money, in the following words: "Due Samuel C. Roane, $160.05, value received. N. B.

This note to be paid when Mrs. Sarah Embree shall settle her accounts with H. Scull. March 7, 1828. (Signed) H. Scull." The second count is for money advanced and paid to the defendant; and the third count is for money assumed and paid at the request of defendant. The only breach contained in the declaration, is in the following words: "Yet the said plaintiff saith he has often requested the defendant to pay and discharge the above demanded sum of $160.05, namely, at the Port of Arkansas, on the 17th of January, 1829, before the issuing of this writ; but the said defendant has hitherto wholly refused to pay the said sum of $160.05 to the plaintiff." To each of these counts the defendant, in the court below, filed a general demurrer, which was overruled, and he then plead the general issue upon which the cause was tried, and judgment rendered in favor of the plaintiff; from which Scull has appealed to this court.

The first point relied on for reversing the judgment is, that the breach assigned in the whole declaration is applicable by its terms to the last count only. This, we think, must be conceded. It results, therefore, that the first two counts being without any breach, must be considered as totally defective. But the last count, containing the requisite breach, is a good and valid count; and although at common law where the declaration contains a faulty and defective count, and a general verdict with entire damages is given, the judgment will be arrested or reversed on a writ of error or appeal. Yet this principle of the common law is changed. Geyer, Dig. p. 260, § 47. Our statute provides, "That where there are several counts in a declaration, one or more of which are faulty, and entire damages given, the verdict shall be good; but the defendant may apply to the court to instruct the jury to disregard such count or counts as are faulty."

But the counsel for the appellant contends, that as it appears by the bill of exceptions that the only evidence offered at the trial was the note declared upon in the first count, and as the first count is fatally defective, the judgment given in this case must be reversed, not withstanding the declaration contains one good count. It is well settled, that the plaintiff in an action like the present may elect the count on which he will give the note in evidence. Tuttle v. Mayo, 7 Johns. 132; Burdick v. Green, 18 Johns. 14. Had the appellee in the case now under consideration, elected to give the note in evidence under the last count in the declaration, it was entirely competent for him to have done so, and the judgment in that event, as well by the decisions referred to as by our statute, would have been valid; but instead of this, the whole evidence was applied to a faulty and defective count, and the judgment, on that account, must be reversed.

Another question has been made and argued in this case, and as it may arise again in the court below, it may not be improper to express our opinion. It grows out of the instructions given to the jury. The judge of that court in-structed the jury, "that from the face of the note declared upon, the defendant was bound to have coerced a settlement of his accounts against Mrs. Embree by suit or otherwise, and that from the lapse of time from the date of the note to the commencement of the suit, the defendant should be liable for the amount of the note." We think the instructions given were in accordance with the law. By a reference to the note, it will be seen, that it was made payable "when Mrs. Embree shall settle her accounts with H. Scull," the obligor in the note. It will hardly be contended that the note would never become due, upon the refusal of Mrs. Embree to make the settlement. This could not have been the intention of the parties, and contracts are to be so construed as to effectuate their intention. It was manifestly the intention of the parties, that Scull should be allowed a reasonable time to make a settlement of his accounts with the person named, and after that period his liability on the note would arise. To permit Scull to take advantage of his own neglect in failing to coerce a settlement of his accounts in a reasonable time would violate every principle of justice. This court accords in opinion with the court below, that after the lapse of one year a cause of action accrued to the appellee upon the note described.

Judgment reversed.