Judge Wright
delivered the opinion of the court:
Neither the evidence offered, nor the charge of the court, nor the matter excepted to, are very clearly set forth in the bill of exceptions. It is difficult to discover the real matter in controversy. We think, however, the bill of exceptions shows there was a contract for clearing not less than three acres of land, at three dollars an acre, to be paid in wheat at fifty cents a bushel; and that the log rolling was brought on before the work was done, by defendant’s permission, because the plaintiff’s wife was about to remove .and could not cook for the hands, if not had then ; and that the defendant below afterward finished the clearing himself, *and refused to pay the plaintiff’s bill when presented because it was unjust, admitting at the same time that he owed something; and that •on the trial he set off his own book account against the claim for clearing. The bill does not show what else was proven, or that nothing else was proven. The court charged the jury that if there was a special contract which had been waived by the parties, or had been substantially completed, the plaintiff might recover, on the common count, the actual value of his labor; and if the labor was to be paid in wheat, the plaintiff might recover if before suit he had. sent in hisTdll and demanded the wheat ; and the court submitted the whole item for clearing to the jury upon that charge. The verdict upon the item was probably insufficient to pay the clerk for the record appended to the writ of error. The case is emphatically a small business, yet being before us we must decide it.
1. Did the court err in saying to the jury they submitted the whole item to them upon the charge? Counsel say there is so much confusion in the authorities on both the questions raised that he forbears to cite any but 2 Stark. 251, which he cites,' “because it is a late decision and a strong case in favor of” his posi *320 tion. In Therogood v. Clark, 2 Stark. 251, it was held that Avhere the drawer of a bill, payable to his own order, settled with the acceptor after the bill became due and gave him a receipt in full, and took up the bill and afterward indorsed it, the indorser could not maintain his action against the acceptors. There is probably some mistake in the reference. If this case is a strong one in favor of the position of the plaintiff in error, we do not perceive-its bearing, nor can we discover the error complained of.
2. Did the court err in charging the jury that if there was a special contract which had been waived by the parties, or had been substantially performed, the plaintiff might recover the actual value of his labor on the common counts ? Where there is a subsisting special contract, the party suing for a breach must declare upon it; but where work has been done under a special contract, though not in accordance with its terms, which has been accepted by the other party, or has benefited him, a recovery may be had on the common ^counts for what the labor is really worth; and the defendant may, in such case, show the contract,, if he chooses, to limit the damage to be recovered. So a recovery may be had on the common counts where a special contract existed, but has been waived, or put an end to, or performed, or where the plaintiff has been prevented, by the defendant, from doing the work. 1 Chit. Pl. 333; 7 Cranch, 303; Bull. N. P. 139; 7 Johns. 132; 10 Johns. 37; 7 Term, 181; 1 New R. 351, 357; 12 Johns. 274; 5 Johns. 87; 2 Mass. 415; Pow. on C. 417; Doug. 651; 5 Mass. 39, 391; 1 Mass. 355; 11 Wheat. 250, 251; 1 Cowen, 46; 1 Ohio, 355, 363; 15 Johns. 476; 4 Ohio, 357. The charge of the court was substantially correct, and is sustained by authority. If the party for whose benefit work has been done, under a special contract, waive its exact performance, or discharge the other party from completing it, does that confer upon him the legal right to avail himself of the labor without making compensation for it? We think such an assumption contrary to equity and good conscience. What benefit can result from a count on the special contract except an increased chance of avoiding payment by reliance upon technical defect? The recovery in either form of action would bar a subsequent recovery for the same cause of action in any form.
The objection urged that the stipulation to pay for the labor in wheat would prevent a recovery on the common counts, is not *321 well founded. Wo do not see what material difference that makes in the question. If one does work for or sells goods to another, and agrees to receive his pay at a stipulated time in wheat, shoes,, or any other article, or in labor, and the articles are not delivered, or the work done according to the stipulation, the neglect or omission changes the contract into one for money, and the party to whom the payment was to be made is no longer bound to receive the goods or labor, but may demand money, and recover it on the common count in assumpsit for goods sold. It is the usual course of shop-keepers, who deal on credit, to receive trade in pay for goods, deliverable at a future day. In case the trade is not delivered, and suit is brought for the goods, it is the universal practice to count for goods sold, not upon the ^special contract to receive trade and the refusal. This practice is convenient, and, we think, conformable to strict law and justice. Wé do not feel disposed to alter it.
The judgment of the court of common pleas affirmed with costs.