By the Court,
Grimke, Judge:
It is contended on the part of the plaintiffs, that where a note is given in evidence under a money count, and the legal liability of the defendant is admitted, the suit can not be defeated by showing that the consideration was not money. The defence is strictly a technical one; and is made in a form of action, supposed to have been invented for the express purpose of guarding against difficulties of that nature. It is true doubts have been constantly expressed whether great inconveniences would not be incurred in consequence of the generality of this form of action, but these doubts have been almost uniformly dissolved, so as to give the action the utmost liberality. Thus in Newman v. M’Gregor, 5 Ohio. 350, it was held, that where payment was to be made in specific articles, á recovery might be had under the common counts. That is not precisely the same case with the present, inasmuch as in the former the contract was by the defendants to pay to the plaintiffs articles other than money, while in this the promissory note is relied upon as evidence of the receipt of money by the defendants for the plaintiffs, but the cases are not distinguishable from each other in spirit. The decision in 5 Ohio, 350, affords a strong manifestation of the liberal *3 construction which this court has been disposed to apply to the common counts in assumpsit. In Tuttle v. Mayo, 7 Johns. 132, where %he plaintiff wholly failed to make out a special agreement, he was permitted to recover under a count for money had and received. It was held that it was not necessary in all cases to give particular evidence that money had been received belonging to the plaintiff, when from the facts it may be fairly presumed.' This construction has been confirmed in a still later case, Beardsley v. Root, 11 Johns. 464, in which it was determined, that where an attorney purchased land sold on an execution and paid for it by the discharge of the judgment, that this action might be maintained against him. In Randall v. Rich, 11 Mass. 494, a suit for money had and received, was sustained where land had been received instead of money. In Hughes v. Wheeler, 8 Cow. 77, the rule has been laid down in a clear and decisive manner, that a promissory note is conclusive evidence under the money counts of a pecuniary consideration, and it is no defence to show the note given for other consideration. It is needless to say there are authorities which go a great way in contradicting these cases. That is never the greatest difficulty in attaining a sound and satisfactory determination of a question, since in the progress made in the formation of a general rule, particularly one intended to be applied to mere form of suit, the distinctions will be so nice, that the mind may be equally perplexed on the one side and on the other. Suffice it to say, that on a question which admits so little of the application of the general principles of the law, where there are numerous authorities sustaining the opinion, and where from the actual state of the law, we are, to say the least, at liberty to adopt a rule which shall be at once most liberal, and most conducive to the ends of justice: and in this case, we have no hesitation in saying that the evidence offered by the defendants should be Overruled.
Judgment for plaintiffs.