Wood, J.
The declaration contains four counts. In the first, second, and third counts, the defendants are charged, as. factors and commission merchants, with having received 1,392 barrels of flour of the plaintiff, on consignment, with instructions not to sell for less than eight dollars per barrel, and with having disregarded such instructions, to the damage of the plaintiff.
*The. fourth is a common count, for goods, wares, etc., sold paid, and delivered, work and labor done, money lent, had and received, and on an account stated. Plea, non assumpsit.
The reasons filed for a new trial are:
1. The verdict is contrary to the evidence.
2. The damages are excessive.
3. The evidence was not admissible under the declaration.
On the trial of the case, it appears to have been proved, in substance, that, on May 28, 1838, the defendants wore instructed by the plaintiff not to sell his flour, when it should arrive, for less than eight dollars per barrel cash. The defendant resided in tho city of New York, and, between the 10th and 20th days of June, the flour was arriving in the city, and the defendants put *309 ting it in store in their upper lofts. The defendant, Blydenburg, about this time, showed it to a Mr. Norton, representing it as a superior article, saying he was waiting a rise in the market, and was not at liberty to sell it at less than eight dollars per barrel, according to the plaintiffs directions.
On June 19, 1838, the defendants wrote to the plaintiff that all his flour was in store, and they were waiting the market and his orders. On the 3d of July, they again wrote to the plaintiff, advising him of the market, and desiring his opinion, as to sales, etc. On the 16th of July, the defendants again wrote to the plaintiff that his letter of the 10th of July was received, and his intention, in relation to the flour, should be attended to. On the 26th of July, they again wrote, they had stored all the plaintiff’s flour, and, of course, had not offered any for sale, except fifty barrels of Norton’s brand, which they had sold on the 15th, with a view to ascertain how it kept, and should make no further sales until they heard from him.
On the 10th of July, the plaintiff wrote to the defendants, amongst other things, “I wish you to hold on to my flour, unless you can obtain somewhere in the neighborhood of eight dollars per barrel, etc.; I shall be in Now York in August.” *On the 19th of July, the plaintiff again wrote to the defendants, to hold on to his flour until August or September, if it should not advance before, and again repeated, he would be in New York in August-
The flour was sold in Now York, between the 10th of July and 13th of' September, for $9,844.32, or a fraction more, on an average, than seven dollars and seven cents per barrel. It is pretty clearly shown that the plaintiff arrived in New York in August, and, while there, 483 barrels of this flour were sold by the defendants; that the plaintiff had frequent interviews with the defendants, while in the city; that 813 barrels of the flour had been sold before the plaintiff arrived, and 96 after he left the city. The plaintiff appears to have received of the defendants, while in New York, $1,500; and there is no evidence of any dissatisfaction, expressed by him to the defendants, whilst there.
On the 17th of September, the defendants transmitted to the plaintiff an account of all the sales of the flour, and tho plaintiff drew for the balance in their hands, and expressed no disapprobation. The evidence also shows that, in September, flour advanced *310 in the market to S9.50 per barrel. This was after the most of the plaintiff’s flour had been sold. These are substantially the proofs.
The counsel for the defendants then asked the court to instruct the jury that the plaintiff was not entitled to recover, because of the variance between the proof and the declaration, The court instructed the jury, that, as'the declaration averred, the defendants received the flour to sell at eight dollars per barrel, the averment was not sustained by the plaintiff’s letter of instructions, of the 10th of July, to hold on to his flour, unless they could obtain somewhere in the neighborhood of eight dollars per barrel, and that the plaintiff was not entitled to recover under the special counts, but that the evidence was properly admissible under the common count for goods sold and delivered; and the rule of damages would be, the value of the flour at the time it was sold by the defendants, in violation of their ^instructions; and it was the real value, at the time of sale, which should be ascertained.
With these instructions, the court are satisfied. They are, doubtless, the law of the case, as the evidence appeared on the trial. As the flour was sold by the defendants contrary to the plaintiff’s directions, it appears to us the plaintiff is authorized by tho books to treat them as purchasers, and to recover the value, as for goods sold. 5 Ohio, 349; 7 Johns. 132; 12 Wend. 38. But, taking this view of the case, the damages are unquestionably excessive, upon any legal calculation which can be made. We shall not, however, go into particulars upon this point, as there is another view of the ease upon which a new trial should be granted, and, from the evidence, as before presented, leaves it clear, in our opinion, that the verdict should have been for the defendants.
The evidence is, that the defendants, frequently, from time to time, advised the plaintiff of the sales of the flour; a part of it was sold while he was present in New York; ho received advices of the last of the sales, and drew for the balance of the money in the defendant's hands; and at no time disaffirmed, disapprobated, or censured their proceedings, until the institution of this suit.
The plaintiff, therefore, in our opinion, falls within the principle recognized by Justice Story, in his work on Agency, and which is supported by numerous authorities cited by him, in the margin of the same page, that, “ If a factor should sell goods for a price below his limits, and should send an account of his sales to his principal, who should make no objection, but should draw for *311 the balance admitted to be due on the account, it would amount to a ratification of the sale.” Story on Agency, 252.
This seems to bo the identical case before us. A new trial must be granted, at the defendants’ costs.
New trial granted.