McArthur *v.* Wilder.

---

Same Term.   *Before the same Justices.*

## McArthur *vs.* Wilder.

A receipt in these words: "Rec'd of J. W. 3 barrels of white fish, to be paid for when sold, at six dollars per barrel," is evidence of a *sale* of the fish, at the price specified, and not of a *bailment*. And after a great lapse of time, the vendor may recover thereon, without proving an actual sale of the fish, by the vendee.

After a lapse of three and a half years, a sale of the fish by the purchaser will be presumed; especially where it appears that they were bought by him for the purpose of being sold again.

Whether a demand of the money, from the purchaser, in such a case, is necessary before suit brought? And if so, whether it may not be presumed? *Quære.*

McArthur *v.* Wilder.

ERROR to the Onondaga common pleas. In July, 1846, Wilder brought an action of trespass on the case, against McArthur, before a justice of the peace, to recover the value of three barrels of white fish delivered to him in November, 1842, and for which McArthur had given his receipt, agreeing to pay for the same, when sold, at six dollars per barrel. The defendant pleaded the general issue, and gave notice that the fish were unwholesome, and not fit for domestic use, and therefore of no value. The plaintiff introduced no evidence to prove a sale of the fish by the defendant; nor did the defendant prove that he had not sold them. After the testimony was concluded, the defendant moved for a nonsuit; but the justice denied the motion, and rendered a judgment in favor of the plaintiffs for $20,02, damages and costs; and on certiorari, that judgment was affirmed by the common pleas.

*J. R. Anderson*, for the plaintiff in error. The plaintiff below failed to prove the signature of the defendant to the receipt or contract declared on and given in evidence on the trial. It was not necessary to object specifically that the plaintiff had not proven sufficient to entitle him to recover. (13 *Wend.* 287.) The contract or agreement of the defendant in the court below, was conditional. It was to pay for a quantity of fish when sold. Therefore a sale by him was a condition precedent to his liability to pay. (*Dodge* v. *Coddington*, 3 *John. Rep.* 146.) And the plaintiff below could not recover until he had established the liability of the defendant by proof of the fact that such sale had been made. The *onus* of proving such fact was with the plaintiff, and cannot be presumed from lapse of time merely. The motion for a nonsuit, before the justice, should therefore have been granted.

*Le Roy Morgan*, for the defendant in error. There was a sale, and not a bailment of the fish: and the only question is whether the plaintiff below was bound to prove *affirmatively*, on the trial, that the defendant below had disposed of the fish, before he could recover on the receipt. The

McArthur *v.* Wilder.

fish were proved to have been put up in brine in barrels prop-
erly secured so as not to leak. They were sold to the defen
dant, who, it is to be inferred from the evidence, was a merchant
at Auburn. They were sold and delivered November 11, 1842,
and the suit was brought in July, 1846, nearly four years after
the fish were received by the defendant below. Under these
circumstances the justice had a right to presume a sale of the
fish by the defendant. Where property is saleable, the receipt
of money upon the sale thereof may be presumed; particularly
after the lapse of a reasonable time—and until the contrary be
proved. (1 *Cowen's Tr.* 126. 2 *Saund. Pl. & Ev.* 672. *Tut-
tle* v. *Mayo,* 7 *John. Rep.* 132.) And where the law presumes
a fact in favor of the plaintiff, the *onus* is on the defendant to
prove the contrary; without regard to the form of the pleadings.
( *Williams* v. *East India Co.* 3 *East,* 132.)

*By the Court,* GRIDLEY, J. The defendant in error recov-
ered a judgment against the plaintiff in error, before a justice
in Onondaga county, upon proof of the following receipt, ac-
companied with evidence of the delivery of the property men-
tioned in it,

"Rec'd of James Wilder 3 barrels of white fish to be paid for
when sold at six dollars per barrel.

Dated Auburn, Nov. 11, 1842.

(Signed) JAMES McARTHUR."

A witness proved that he was present at a store in Auburn
when he saw the identical receipt delivered by the defendant
to the plaintiff—identifying both the receipt and the defendant;
not with absolute certainty, but according to his recollection
and belief. This rendered the admission of the evidence proper.
There was prima facie evidence of the giving of the receipt by
the defendant. On the cross-examination, this testimony was
much strengthened, and in addition, the delivery of the fish was
established by the same witness. In the absence of any con-
tradictory evidence, the justice was right in holding the facts
duly proved.

McArthur *v.* Wilder.

The transaction was clearly a *sale* of the fish at $6 per barrel, and the only question was, whether the justice should have required the plaintiff to prove that the time of payment had arrived, by the actual sale of the fish.   We think the lapse of time, (3½ years,) especially when we consider that the fish were bought for the purpose of being sold again, and that the article was of a description requiring a ready sale, and that the fact of actual sale or not was within the knowledge of the defendant, rather than of the plaintiff, formed a sufficient ground to presume that the fish had been sold by the defendant.   If they had not been sold, or were of a bad quality, as stated in the defendant's notice attached to the plea, it was open to him to prove it.   The case in 3 *John. Rep.* 166, is not applicable; but the decision in the case of *Tuttle* v. *Mayo*, (7 *John. Rep.* 132,) is directly in point, to show that the justice was right in presuming the sale of the fish ; and holding the defendant responsible for them.   (*See also* 9 *Pick.* 16 ; 1 *Cowen's Treatise*, 126.)

There was no objection on the trial, or on the argument, that there was no demand of the money, by the plaintiff, before suit brought, and therefore we would not reverse the judgment for the want of that evidence ; even if we should think it the fair construction of the agreement that the plaintiff should call for his pay.   Had that objection been taken, perhaps the fact of such demand might have been presumed.   The judgment must therefore be affirmed.