HENRY T. BLOW, Adm'r of PETER E. BLOW, Respondent, *v.* WILLIAM SPEAR *et al.*, Appellants.

1. *Contracts — Sale — Resale of goods forwarded — Money paid by mistake, action for.*—Where defendant agreed to furnish plaintiff's intestate with tobacco for resale by the latter, and by the terms of the contract the purchase money did not become due until after the resale was effected, and the testimony showed no pretense that the property was taken to sell on commission, or that it was in any event to be returned and the sale treated as ineffectual: *held,* that the provision in relation to the payment did not suspend the transfer of the title, but that the sale was complete and the title passed when the goods were delivered and the purchaser put in possession and control of them. In such case the property would, after the transfer, be at the risk of the plaintiff; and *semble,* that, in case of loss thereof by fire, plaintiff could not recover back money unadvisedly paid for the same by his clerk.

2. *Contracts — Sale — Property delivered to be paid for on resale, not returned in a reasonable time — Presumption.*—Where property is sold and delivered, to be paid for upon a resale, the purchaser must either return the money or the property, whatever may happen in the meanwhile. If the property is not returned in a reasonable time, a resale will be presumed.

### *Appeal from St. Louis Circuit Court.*

This was an action brought by the administrator of Peter E. Blow, deceased, to recover back certain money paid by mistake of intestate. Judgment was rendered in favor of plaintiff, in the court below, for $248.50.

For a general statement of the case, see opinion of the court.

*Hunton, Moss & Sherzer*, for appellants.

Plaintiff's first instruction was improper. It made a particular phrase — "to be paid for when sold" — positive and absolute proof of a delivery on commission, withholding from the jury the consideration of all other evidence tending to throw light upon the transaction and to indicate the true meaning and agreement of the parties, and, by giving undue prominence to this particular expression, misleading the jury. (Clark v. Hammerle, 27 Mo. 70; Chappel v. Allen, 38 Mo. 221–22; Meyer v. Pacific R.R., 40 Mo. 154–55; Hovey v. Pitcher, 13 Mo. 201; Mead v. Brotherton, 30 Mo. 202; Anderson v. Kincheloe, 30 Mo. 525; 3 Barb. 69; 14 Johns. 168–69.)

*Geo. P. Doan*, for respondent.

CURRIER, Judge, delivered the opinion of the court.

The defendants agreed to furnish the plaintiff's intestate with tobacco, of a certain grade and at a fixed price per pound, for resale by the latter. The plaintiff's testimony tended to show that the tobacco was to be paid for "when sold" by the purchaser. The defendants' testimony tended to show that payment was to be made "at the end of the month" in which the tobacco was delivered, and, if not resold by the purchaser at that time, that payment might be deferred another month. Under this arrangement the defendants delivered to the plaintiff's intestate 940 pounds of tobacco, at the agreed price of one dollar per pound. Sales of it were made by the latter amounting to $318, when his store took fire and was consumed, and the residue of the tobacco was thereby destroyed. At a subsequent date his book-keeper paid the defendants the full $940 in settlement of the account, not being aware, as the plaintiff claimed, of the real nature of the purchase. This suit is brought to recover the alleged over-payment of $622, being the difference between $940 and $318.

On the trial, the court, at the instance of the plaintiff, instructed the jury to the effect that the "transaction between the parties did not constitute a sale," and the property would remain at the risk

of the defendants in case they should find that the purchase money agreed on was to be paid, under the contract of sale, only after a resale by the purchaser.

The instruction assumes, as a matter of law, that the sale was not consummated so as to pass the title to the property, if the purchase money, by the terms of the contract, did not become due until after the resale was effected. In this the jury were misdirected, and an incorrect principle was announced for their guidance. The time in which the purchase money was to be paid — whether in so many days or months, or upon the happening of some contingent event, as a resale — did not affect the character of the transaction as a sale. The provision in relation to payment did not suspend the transfer of title. The sale was complete and the title passed when the goods were delivered and the purchaser put in full possession and control of them.

There is in the testimony no pretense set up that the property was taken to sell on commission, or that it was in any event to be returned to the vendors and the sale treated as ineffectual.

Where property is sold and delivered to be paid for upon a resale, it is apprehended that the purchaser must either return the money or the property, whatever may happen in the meanwhile. If the property is not returned in a reasonable time, a resale will be presumed.

In McArthur v. Wilder, 3 Barb. 66, the defendant gave a receipt in these words: "Received of J. W. three barrels of whitefish, to be paid for, when sold, at $6 a barrel;" and the court held that the receipt was evidence of a sale at the price stated, and not of a mere bailment. Gridley, J., in delivering the opinion of the court, says: "The transaction was clearly a sale of the fish at $6 per barrel." A resale was presumed after the lapse of three and a half years, and the suit for the purchase money sustained. But the lapse of time did not act upon the character of the original transaction, converting a bailment into a sale and transfer of title, but upon the consideration determining its maturity from a presumed resale within a reasonable time.

The judgment of the Circuit Court is reversed and the cause remanded. The other judges concur.