## JURISDICTION OF JUSTICE OF THE PEACE.

Circuit Court of Cuyahoga County.

M. SWEE ET AL v. LOUISE BREGENZER.

Decided, February 12, 1912.

*Appeal from Justice Court—Action for Money Had and Received on Rescinded Land Contract.*

A justice of the peace has jurisdiction of an action for money had and received, though that money was had and received as part payment on a contract for the conveyance of real estate, defendant refusing to convey and plaintiff electing to treat the contract as rescinded; hence such action is appealable to the common pleas court.

*James Metzenbaum,* for plaintiff in error.
*Halle & Geisner,* contra.

NIMAN, J.; MARVIN, J., and WINCH, J., concur.

The plaintiffs in error sued the defendant in error in the court of a justice of the peace. The bill of particulars stated a cause of action for money had and received. A judgment having been rendered in the justice court against the defendant in error, she appealed the case to the court of common pleas. The petition filed in that court, after averring that the case came into the court on appeal, from the court of the justice of the peace, stated a cause of action in the following language:

"Plaintiffs, for their further cause of action, say, that on or about the 19th day of April, 1909, plaintiffs paid to this defendant the sum of one hundred ($100) dollars for and in consideration of the defendant promising and agreeing in writing, to convey to these plaintiffs a certain parcel of property.

"Plaintiffs further say that said defendant received said sum of money, but has never conveyed said premises to these plaintiffs, and had instead, conveyed said premises to other persons, and has failed, neglected and refused to convey said premises to plaintiffs, or either of them, though demanded by plaintiffs.

"The plaintiffs further say that they have made demand of said defendant for said sum so had and received by this defendant of said plaintiffs, but that said defendant has wholly failed, refused and neglected to return said sum to said plaintiffs."

The defendant in error filed a motion in the court of common pleas to dismiss the action, on the ground that the cause of action stated in the petition was on a contract for the purchase of real estate, and that the justice of the peace had no jurisdiction of such an action, and that the court of common pleas had no jurisdiction thereof on appeal.

This motion was granted, and by this proceeding in error we are asked to reverse the judgment of the court below in dismissing the action.

Section 10232 of the General Code provides that justices shall not have cognizance of any action on contracts for real estate.

If the cause of action set forth in the petition is one on a contract for real estate, the court of common pleas would have no jurisdiction over it on appeal against the objections of the defendant, unless she expressly or impliedly waived her right to object.

The identity of the cause of action stated in the petition with that set forth in the bill of particulars is clear. The latter in brief terms states a claim for money had and received, while the former alleges with greater detail the facts from which the law implies an obligation of the same character as that which was the foundation of the action in the justice court.

The cause of action is not based upon any stipulation in the contract referred to in the petition. That contract, according to the allegations of the petition, is no longer subsisting. It has been rescinded by the defendant, and the plaintiffs, accepting that rescission, and recognizing that the contract has no longer any existence, sue to recover the money paid by them while it was a subsisting contract. In such a case the law raises an obligation which may be enforced in an action as for money had and received. While it may be necessary for the plaintiffs to resort to the contract as evidence to establish their right to

recover, the action itself is not on the contract. In these views we are supported by *Halloway* v. *Davis,* Wright, 460, the syllabus of which reads:

"Where money has been paid on a contract which has been rescinded, or put an end to, or which the defendant has refused to perform, it may be recovered back in an action for money had and received."

It was also held in *Middleport Woolen Mills Co.* v. *Titus,* 35 O. S., 253, as follows:

"Where money has been paid on a contract which has been subsequently rescinded, and the repayment of the money is the only thing remaining to be done, a petition for money had and received is sufficient; but while the contract is subsisting the action can only be brought on the agreement."

See also *English et al* v. *Brooks,* 4 O. D. Rep., 43; *Newman* v. *McGregor,* 5 Ohio, 349; *Brown* v. *Timmany,* 20 Ohio, 87.

It follows from the conclusion stated as to the nature of the cause of action set forth in the plaintiffs' petition, that it was one which the justice of the peace had jurisdiction, and being in the court of common pleas on appeal, that court had jurisdiction, and the motion to dismiss should not have been granted.

The judgment of the court of common pleas is reversed and the cause remanded for further proceedings according to law.