## SUPREME COURT.

### Noxon agt. Gregory.

#### Noxon, Appellant agt. Gregory Respondent.

A judgment in the hands of an assignee who purchased with notice and parted with no new consideration, is liable to be set off against a judgment against the assignor existing prior to the assignment.

The lien of an attorney for his costs is subordinate to the equities existing between the parties.

The attorney trusts to the responsibility of his client.

*Saratoga Special Term, January* 1851. The facts are sufficiently stated in the opinion of the court.

WILLARD, Justice.—On the 20th July 1850, the plaintiff in the first above entitled action, recovered judgment against the defendant for $124·68 damages and costs, and which still remains due and unpaid. On the 7th Oct. 1850, the respondent in the second

suit recovered judgment against the appellant therein for $78·97. Executions were issued on both judgments, but nothing has hitherto been collected on either. The plaintiff in the first action now applies to set off so much of his judgment therein against the judgment in the second action, as will discharge the same. This motion is resisted ·by the attorneys for the respondent, on two grounds; 1st, that they on the 8th October 1850, took an assignment of the last mentioned judgment from the respondent and received from him the sum of $20 in cash, in consideration of which they assumed to pay Beach & Bockes their counsel fees for arguing the cause, and to discharge the defendant from his liability to them as his attorneys. And 2d, they insist on their lien as attorneys for so much of the judgment as is unpaid of their costs.

I. The attorneys parted with no new consideration when they took an assignment of the judgment. The judgment was at that time subject to the equitable claim to a set off in favor of the plaintiff in the first suit. Gregory is chargable with notice of that judgment, because he was a party to it. One of his attorneys in the second suit, Mr. Williams, swears that at the time of the purchase " he did not know that any judgment existed in favor of said Noxon against said Gregory." The other member of the firm, Mr. Hibbard, makes no denial at all. The denial of Mr. Williams is quite insufficient. He may have had full *information* of the obtaining of that judgment and of its remaining due and unsatisfied, and yet not had that *knowledge* of it which would have enabled him to prove it in a court of justice. The denial is equivocal. It should have gone to all *information*, or *notice* of the judgment to be available. The right of Noxon to offset his judgment existed at the moment the other judgment was obtained, and it can not be defeated by an assignment to a party who does not deny notice of it, and who parts with no new consideration on the faith of the assignment.

II. ·The second ground, viz: the lien of Williams & Hibbard, as attorneys, is equally untenable. It does not appear how much of the judgment is composed of their costs. But this court has

uniformly held for above fifty years that the attorney trusts to the responsibility of his client, and that his lien is subordinate to the equities existing between the parties. The cases on the subject are collected by Savage, Ch. J., in The People vs. N. Y. Com. Pleas (13 *Wend.* 651, *et seq.*), and by Cowen, J., in Nicoll vs. Nicoll (16 *Wend.* 447).

The plaintiff was wrong in asking for costs, and had the opposition been merely to that branch of the motion, the defendant would have been entitled to the costs of opposing. Each party has asked for too much, and therefore costs will be given to neither, as each succeeds in part.

The motion to set off so much of the plaintiff's judgment in the first action against the judgment in the second action as will be sufficient to discharge the same, must be granted.

