## N. Y. COMMON PLEAS.

STILES B. WOOD agt. SNIFFEN MERRITT and EDWARD D. MERRITT.

Where a defendant executes an assignment, leaving the date blank, of all his right, title and interest in and to the *taxable costs and disbursements* in the action, to his co-defendant in the suit, *several days prior to the trial*, and on the trial the complaint is dismissed as to such defendant and a verdict for costs rendered in his favor, and on the same day his co-defendant perfects the assignment to him by filling in the date, and the plaintiff on that day recovers a verdict against the co-defendant, which is immediately assigned to a third person, and the co-defendant subsequently enters judgment for costs, &c., assigned to him, and two days thereafter the assignee of the plaintiff enters judgment on the verdict recovered by the plaintiff and assigned to him, the co-defendant is not entitled to *offset* his judgment against that of the plaintiff.

The co-defendant's claim to costs was not liquidated when the assignment was made to him, and did not become so until judgment was entered, when the plaintiff's demand sued on was liquidated and assigned before judgment entered.

MOTION to set off judgment for costs awarded the defendant, Edward D. Merritt, against judgment recovered against the defendant, Sniffen Merritt.

ABBETT & FULLER, *for the motion.*

ELY & SMITH, *opposed.*

This is a motion to offset a judgment in favor of the defendant, Sniffen Merritt, against the plaintiff for costs and disbursements on a dismissal of the complaint as against the defendant, Edward D. Merritt, and assigned by him before

such dismissal to the defendant, Sniffen Merritt, against a judgment in favor of Charles E. Howard on a verdict and for costs in favor of plaintiff and against the defendant, Sniffen Merritt, and assigned by plaintiff to said Howard immediately after the rendering of said verdict.

The action was tried and the complaint dismissed as to defendant, Edward D. Merritt, and verdict rendered against the defendant, Sniffen Merritt, and said verdict and costs and judgment to be entered therein assigned by plaintiff to said Charles E. Howard on the 9th day of February, 1871.

The defendant, Edward D. Merritt, executed an assignment of all his right, title and interest in and to the taxable costs and disbursements in this suit on the 15th day of January, 1871 (twenty-five days before the action was tried and before any costs had accrued) to his co-defendant, Sniffen Merritt, and left the date of the assignment blank, which was filled in by Sniffen Merritt's attorney on the same day the action was tried (February 9th inst.).

On the 15th day of February, 1871 (six days after the trial and assignment to Howard), judgment was entered in favor of the defendant, Sniffen Merritt, against the plaintiff for the costs and disbursements assigned to him as aforesaid.

On the 17th day of February, 1871, judgment was entered in favor of Charles E. Howard against Sniffen Merritt, on the verdict, and for the costs and disbursements assigned to him as aforesaid.

I. The assignment of Edward D. Merritt to his co-defendant of the taxable costs and disbursements was void. At the time the assignment was made there was nothing *in esse* to assign. No costs had accrued. The subject of the intended assignment had no existence. The most favorable construction that can be given to the instrument is that it was a mere agreement to assign an executory contract, and therefore no title passed (*Andrews* agt. *Durant*, 1 *Kern.*, 35; *Munsell* agt. *Lewis*, 4 *Hill*, 635, *and cases cited; contra, Ely* agt. *Cook*, 2 *Hill*, 418). The fact of the date being left blank,

Wood agt. Merritt.

and after the trial being filled in by the attorney in the action, shows that the parties did not consider it an executed agreement or even a completed one. Of course, the act of the attorney in filling in the date left blank in the instrument (which is under seal) can give it no additional validity, and was entirely unauthorized.

II. But even admitting the validity of the assignment to Sniffen Merritt, the motion to set off the judgments cannot prevail, because the right to set off does not arise until the judgment to be affected by it is recovered (*Mackey* agt. *Mackey*, 43 *Barb.*, 58; *Graves* agt. *Woodbury*, 4 *Hill*, 559; *Roberts* agt. *Carter*, 17 *How. Pr. R.*, 341; *Ex parte Bugg*, 10 *Wend.*, 615; *People* agt. *Judges of Delaware*, 6 *Cow.*, 598; *Van Pelt* agt. *Boyer*, 8 *How. Pr. R.*, 319). And an assignment *previously made* (*i. e.*, before judgment) *will have the effect of preventing the right of set-off from accruing* (*See above cases and also Myers* agt. *Davis*, 22 *N. Y.*, 489). The claims to be set off must exist in a perfect condition at the same time, and therefore if before the demand of the party claiming the set-off becomes mature the opposite claim has been assigned, *the right of set-off no longer exists* (*Myers* agt. *Davis, supra*).

III. The Revised Statutes provide that a set-off " must be a demand arising upon judgment or upon contract, express or implied," and also that the amount must be liquidated (2 *R. S.*, 365, *Edm. ed. ; Van Pelt* v. *Boyer, supra*). The claim or costs attempted to be set off was not in judgment at the time of the assignment to Howard, and was not one arising on contract, and the amount was not liquidated, the costs and disbursements not having been liquidated by the clerk. It is distinctly laid down in *Graves* agt. *Woodbridge* (*supra*) and in *Waterman on Set-off*, &c., *chap.* 7, that in order to set off a demand the *amount must be liquidated.*

IV. The defendant, Sniffen Merritt, has no equities in his favor on this motion, as he procured the assignment of the costs from Edward D. Merritt solely for the purpose of off-

setting them against the verdict and costs rendered against him and in favor of plaintiff.

ROBINSON, J.—The action was tried February 9th, 1870, and resulted in a verdict in favor of the plaintiff against Sniffen Merritt for $270, and a dismissal of the complaint, as against Edward D. Merritt, with costs.

Judgment was perfected on the verdict against Sniffen · Merritt, February 17th, 1871, in favor of Charles E. Howard, who, by assignment from plaintiff dated February 9th, 1871, had become assignee of the verdict, " together with any costs accrued or to accrue, and any judgment to be entered therefor."

Edward D. Merritt, in anticipation of judgment in his favor, on his defence to the debt in suit of a discharge in bankruptcy, executed to his co-defendant, on or about the 15th of January, 1871, an assignment of all his claims to the taxable costs and disbursements in the suit, perfect, except as to the mention of the date, which, upon the dismissal of the complaint against him, was immediately filled in with the date, February 9th.

It contained a covenant to execute a further assignment of the judgment for such costs when entered, and was effectual as a transfer of the costs subsequently recovered (*Ely* agt. *Cook*, 2 *Hilt.*, 418). Judgment was entered February 15th, 1871, against plaintiff, Wood, *in favor of Sniffen Merritt*, as such assignee of Edward D. Merritt (upon an order improvidently granted but not affecting the question), for $151.75, costs and disbursements, and, on the 17th of February, in favor of Charles E. Howard, as assignee of plaintiff, for $477.92, the amount of the verdict, costs and disbursements ; and the present motion is to set off the former against the latter.

The assignment of the verdict, after it was rendered, carried with it in terms, as well as in legal effect, the costs incident to the debt, and the judgment to be entered on such

verdict (*Mackey* agt. *Mackey*, 43 *Barb.*, 58; *Countryman* agt. *Bayer*, 3 *How.*, 386), and no question is raised or suggested, as against the right of Charles E. Howard, as assignee, and substituted plaintiff (aside from this claim to the set-off) to the judgment for the amount recovered against the defendant, Sniffen Merritt.

This set-off ought not to be allowed:

*First.* The dismissal of the complaint, as against Edward D. Merritt, on the 9th of February, gave him a right to recover costs, which was perfected on the fifteenth. But until these costs were liquidated and adjusted and judgment entered, his right had not matured into a debt or personal obligation against the plaintiff,·for which a suit might be maintained, nor had it become available as a judgment in which the court had jurisdiction to adjust or make a set-off of the respective claims of the parties; as, for instance, where, in a recovery for less than fifty dollars, costs are allowed to defendant, in such case no assignment of the recovery, before judgment, would debar the defendant from a set-off of his costs, and the court would direct such set-off and order execution for any balance due to one party from the other. But the dismissal of the complaint in this case, as to Edward D. Merritt, was, in its consequences, no greater in preventing or interfering with the complete operation of the assignment of the verdict in question, than if he had obtained such dismissal on the same day of another action in which Wood had been plaintiff. In either of the two latter cases the right to the costs, as a debt that could be set off, was *inchoate* and subject to future judicial action in liquidating its amount (*Supervisors of Onondaga* agt. *Briggs*, 2 *Den.*, 26), and only became perfect on the subsequent entry of judgment therefor.

*Secondly.* The indebtedness of the defendant, Sniffen Merritt, as established by the verdict, existed when the contract sued upon was broken and the assignment of the verdict rendered for its breach carried the claim, and all costs incident to the prosecution of the action.

Wood agt. Merritt.

*Thirdly.* At the time (February 15th, 1871) the judgment against Wood, sought to be set off, was entered and had first matured into a legal debt against him, Howard had, by previous assignment (dated February 9th, 1871), become the absolute owner of the debt in suit, and incident costs recoverable against Sniffen Merritt.

Motion to set off judgments denied, with ten dollars costs.