MARTIN and
CHAMBER-
LAIN
v.
Moss and
another.

BUEL *against* GORDON.

After bail had become fixed, and judgment against them on a recognisance, the principal was discharged under the insolvent act; a *ca. sa.* was then issued against the bail who paid the amount, and then brought an action against the principal; and it was held, that the principal could not plead his discharge, as the debt was not made *certain,* until after the discharge.

AFTER the judgment against the special bail in this cause, who had become fixed, the principal was discharged under the insolvent act. A *ca. sa.* was then issued against the bail, who, being taken in execution, paid the debt, and then brought this action against the principal, to recover the amount. And the question was, whether the principal could plead his discharge in this suit, brought against him by the bail.

*Per Curiam.* The debt was not made *certain,* until after the defendant's discharge. It is like the case of a surety paying a debt after the discharge of the principal. The debt must be certain and fixed, at the time of the insolvent's assignment.

The defendant cannot, therefore, plead his discharge. (*Frost* v. *Carter,* 1 *Johns. Cases,* 73.)

---

MARTIN and CHAMBERLAIN *against* Moss and another.

A justice cannot enter a judgment, by confession, against a party, on a written request, on his own knowledge that such writing was the hand-writing of the party, and without any process, or further proof.

IN error, on *certiorari.* On receiving a paper, together with a note, purporting to be signed by the defendants below, authorizing the justice to confess judgment, the justice, from his knowledge of the handwriting of the defendants, and without any process, or other proof, entered a judgment, by confession, for the plaintiffs below.

4

The cause was submitted to the court, without argument.

*Per Curiam.* The justice could not legally enter a judgment, unless the defendant appeared in person, or by attorney, before him, in court, and confessed judgment, or had been duly summoned, as in ordinary cases.

———⋆⊛⋆———

## CONKLIN *against* HAVENS.

AFTER the time for the defendant's appearing had expired, the plaintiff filed a declaration *de bene esse*, and entered a rule to plead, on the 28th *December*, 1809, and on the 13th *February*, 1810, filed common bail for the defendant, according to the statute, and entered a default for want of a plea.

R. *Riker*, for the defendant, moved to set aside the default, and subsequent proceedings. He read an affidavit of the defendant, that he had a good and substantial defence on the merits ; and that he was arrested on the writ the 13th *November*, by the sheriff of *Suffolk*, and on the 18th *November*, retained an attorney, and about three weeks after, having learned the name of the plaintiff's attorney, sent information of it to his own attorney, but who did not receive it, which was the reason that the plea was not filed.

*Riker* contended, that, according to the *English* practice, the declaration could not be filed *de bene esse*, af-

Where the plaintiff files common bail for the defendant, according to the statute, the declaration may be filed *de bene esse*, any time within the 40 days. Whether the declaration may be filed *de bene esse*, at any time before bail is filed, or an appearance, and after the time allowed for the defendant's appearance ? *Quære.*