NEWYORK,
May, 1816.

CLAYTON
v.
PER DUN.

---

CLAYTON *against* PER DUN.

A justice of the peace who, in fact, keeps a tavern, although he have no license for that purpose, is disqualified from trying a cause. And it is immaterial whether the suit were instituted before or after he commenced keeping tavern. Appearing and going to trial will not. in such case, confer jurisdiction on the justice.

IN ERROR, on *certiorari* to a justice's court.

It appeared that, after issuing the warrant, and before the day of trial, in this cause, the justice removed with his family into a house which had been occupied as a tavern, under an agreement with the former occupant, that he, the justice, might "continue the tavern in the said house, until the license could be renewed." The cause was tried in that house a few days after the justice had taken possession of it. The tavern sign of the former occupant was still kept up, and travellers called as usual, and drank spirituous liquors, and paid for them; but the justice returned, that he did not consider himself as keeping a tavern. Judgment was given for the now defendant, who was defendant in the court below.

*Per Curiam.* The evidence clearly shows, that the justice kept a tavern *in fact;* and whether he had, or had not, a license for that purpose, he was equally disqualified for trying causes as a justice. Nor is it material that the suit was instituted before he became so disqualified; nor would it cure the defect if the plaintiff below did appear and consent to the trial, because such consent could not confer jurisdiction. *Low* v. *Rice,* (8 *Johns. Rep.* 409,) on the two last points, is decisive.

The judgment must be reversed.