BROMAGHIN *against* THORP.

A justice of    IN ERROR, on *certiorari* to a Justice's Court.
the peace can,
in no case, en-     The judgment in this case was entered by the Justice on
ter a judgment
by confession a written authority, or direction, signed by the defendant
against a de-
fendant, unless
on his appear-
ance in court, *either in person or by attorney, or where he has been duly summoned ; although the
defendant authorize the justice to enter judgment against him by writing under seal, and his
signature is proved before the justice by the subscribing witness.*

below, under seal, which authority was proved by the subscribing witness, before the Justice, when the judgment was entered.

JACKSON.
v.
AUSTIN.

*Per Curiam.* In the case of *Martin* v. *Moss*, (6 *Johns. Rep.* 126.) the authority to enter judgment was also in writing, but no proof of the signature was given, and the Justice acted from his own knowledge of the defendant's handwriting. The court, however, did not seem to place any reliance on that circumstance ; but laid down the broad principle, that a Justice could not legally enter a judgment, unless the defendant appeared in person or by attorney before him in court, and confessed judgment, or had been duly summoned, as in ordinary cases. According to this principle, the judgment in question is erroneous, and must be reversed.

Judgment reversed.