ALBANY,
Feb. 1824.

Griffin
v.
Mitchell.

The act (sess. 41. ch. 94, s. 6 and 7,) empowering a justice of the peace to render judgment on confession to 100 dollars, and prescribing the manner in which this shall be done, and declaring the judgment void unless its provisions are complied with, did not require a particular of the items, oath, &c. except where the judgment exceeded 50 dollars, (exclusive of costs.) But see the statute, sess. 47, ch. 238, s. 12 & 13, which now requires this where the judgment exceeds 25 dollars, (exclusive of costs.) Omitting a particular of the items, oath, &c. renders the judgment void as to creditors only; but it is valid and binding upon the defendant.

## A. M. GRIFFIN, gentleman, one, &c., *against* M. MITCHELL gentleman, one, &c.

FALSE imprisonment. Plea, that on the 8th day of February, 1822, one L. recovered judgment before a Justice of the Peace, for $29 21, and had execution thereupon, returnable in ninety days, against Griffin, the plaintiff in this suit, whereon he was imprisoned; and that Mitchell, the defendant in this suit, was the attorney of L. and conducted the suit before the Justice, and caused the plaintiff, Griffin, to be imprisoned, which is the same trespass whereof the plaintiff complains, &c. *Replication*, admitting the truth of the plea, but averring *that the judgment was by confession, and that previous to the entering of the same, he the said Griffin did not, as is by law required, set forth the particular items of the demand of L. nor did he make oath, as by law is required, to make such judgment valid and effectual, and by reason whereof it was void, &c.*

Demurrer and joinder.

*A. M. Griffin*, plaintiff, in person.

*M. Mitchell*, defendant, in person.

*Curia*, per SAVAGE, Ch. Justice. By the revised laws of 1801,(*a*) it is enacted "that when any parties shall agree to *enter an action* before any Justice without any process, the Justice shall proceed to trial in the same manner as if a summons or warrant had issued." Under this act, Justices adopted a practice of entering judgments by confession of the defendant, and this Court sanctioned the practice.(*b*) By the revised laws of 1813,(*c*) it is enacted, "that whenever any parties agree to *join an issue* without process, the Justice shall proceed to try the same as if process had issued." The same practice continued under the latter act, and

(*a*) 1 K. & R. 493.

(*b*) *Martin & Chamberlin* v. *Moss and another*, 6 John. 126. *Nicholls* v *Hewitt*, 4 id. 423.

(*c*) 1 R. L. 388.

also received the sanction of this Court,(d) without regard to the difference of phraseology. *Butler* v. *Potter*, (17 John. 145,) was a case in which one of these judgments by confession was drawn in question, and has, as we shall presently notice, a still further bearing upon one of the points raised by this demurrer. Judgment had been confessed before the Justice, and he awarded costs to $5 18 ; and it was contended that the judgment was void, because he had exceeded his jurisdiction. But this Court said the Justice had jurisdiction to give judgment for costs, and although he erred in giving more than he ought, the judgment was not therefore void. And they laid down this rule, that " where the Justice has no jurisdiction whatever, and undertakes to act, his acts are *coram non judice ;* but if he has jurisdiction, and errs in exercising it, then the act is not void, but voidable only." They also cited *Prigg* v. *Adams*, (2 Salk. 674,) as good law, and predicated their judgment upon it.

The cases cited were previous to 1818. By the act of that year,(e) Justices are expressly authorized to enter judgments by confession of the defendant, for a sum not exceeding 100 dollars. It is required(f) that the defendant set forth in writing the items of the plaintiff's demand, and make oath that he is honestly indebted to the plaintiff, and that judgment is not confessed to defraud any creditor ; and if these requisites are not complied with, the judgment is declared void.

It is admitted by the demurrer to the replication, that judgment in this case was entered on the confession of the defendant, and that no statement of the items of the plaintiff's demand, nor any oath, was previously made by the defendant as required by the statute ; but it is insisted by the defendant, that for aught which appears by the pleadings, the judgment was rendered under the 25 dollar act. This is contradicted by the execution, which is set forth as returnable in 90 days, and therefore not authorized by any other than the 50 dollar act.

From the phraseology of the statute, it has been doubted whether its provisions are not applicable to all judgments by confession of the defendant, whatever the amount may be ;(g)

*Margin notes:*

ALBANY, Feb. 1824.

Griffin v. Mitchell.

(d) Bromaghin v Thorp, 15 John. 476 Butler v. Potter, 17 John 145.

(e) Sess. 41 ch. 94, s. 6.

(f) Id. s. 7

(g) Cowen's Treatise, 632.

an opinion which derives additional consideration from the fact that it was passed at the same session with the statute requiring a specification to be filed in all cases of judgment by confession on bond and warrant in the Courts of record. We are, however, to construe it in connection with the previous acts relating to the same subject. Without the 6th section of the act of 1818, Justices of the Peace would be authorized to enter judgments by confession to the amount of 50 dollars. The 7th section, which requires the statement of the items and the oath, is confined in its operation to judgments entered by virtue of the 6th section. It follows that the provisions of the 7th section apply to such judgments only as exceed 50 dollars. This construction is strengthened by the 12th and 13th sections. The 12th makes the former provisions applicable, giving the same fees for similar services, and the 13th gives a new fee for entering judgment on confession above 50 dollars. This shows, I think, that the legislature considered Justices, without any special provision beyond that of extending their jurisdiction generally, authorized to enter judgment by confession to the extent of their enlarged jurisdiction.

But even if it were admitted that the present case comes within the provision of the 7th section, it by no means follows that the judgment is to be avoided by the defendant in that judgment, and in this manner.

I have already remarked, that this Court, in *Butler* v. *Potter*, considered the case of *Prigg* v. *Adams* good law. That case was, in some respects, similar to the present. False imprisonment was brought for imprisoning the defendant in a judgment entered in the Common Pleas for 5 shillings, for a cause of action arising in Bristol, when an act of parliament had declared that no judgment should be entered in any of the Courts at Westminster, upon such a cause of action, if less than 40 shillings, and if such judgment be entered it shall be void. Upon demurrer, the question was, as it is here, whether the judgment was so far void that the party could take advantage of it in this collateral action ; and the Court held that it was not, but that it was only voidable, by plea or error. In this case, however, neither error nor a cer-

tiorari will lie, and if it cannot be inquired into collaterally, there can be no inquiry at all. But I think the legislature intended that the judgment should be void as against the creditors of the defendant only. The act was calculated to guard against judgments entered by collusion between the parties; but never meant that the defendant should take advantage of his own wrong, by setting it aside, nor to change well settled principles of law. The process of a Court having jurisdiction of the subject matter, is a protection to the ministerial officers who execute it, though the Court itself may have erred in the exercise of its powers; but if a judgment entered without complying with the provisions of the 7th section be a nullity, then the officer would be a trespasser for executing process regular on its face, and issued by a Court of competent jurisdiction. Such a consequence never could have been intended. On the whole, therefore, my opinion is, that the defendant must have judgment.

Judgment for the defendant.(1)

(1) Since the above decision, by statute (sess. 47, ch. 238, s. 12 and 13,) a Justice may render judgments by confession for a sum not exceeding 250 dollars; and whenever it exceeds twenty-five dollars, (exclusive of costs) the defendant shall make such confession in writing, and file the same with the Justice; and shall also set forth the items of the demand as far forth as he may be able so to do, and make oath that he is honestly and justly indebted to the plaintiff in the sum to be named in the said judgment, over and above all just demands which the defendant may have against him, and that the confession of judgment as aforesaid is not made for the purpose of defrauding any creditor; and any judgment entered by confession as aforesaid, where the defendant shall not comply with these provisions, shall be void; provided that a non-compliance with such provisions shall not affect the right or title of any *bona fide* purchaser of any goods or chattels, lands or tenements, under any such judgment.