Curia, per Savage, Ch. J.
This is an action of trover for two horses and a sulkey, purchased by the plaintiff' at a constable’s sale, upon executions issued by a justice of the peace, against one Williston.
After the purchase, the defendant, a deputy sheriff, levied on the same property by virtue of an execution against the same defendant, Williston. The justice’s judgments were by confession, June 7th, 1826.
Two points are raised: First, That the judgments before the justice, under which the property was sold, were void for two reasons : 1. Because the defendant was not brought before the justice : 2. Because the defendant did not make confession in writing under oath.
Secondly. It is also said that the sale by the constable is void, because he refuses to state by virtue of what execution he sold. •
The facts are, that one Dascomb held two notes against Williston, and took out regularly two warrants, which were ° J . regularly served. Williston being 18 miles distant from the justice, requested the constable to leave him, and to *65 appear *for him and confess judgment as his attorney upon the notes. The constable did so. He made a regular return. upon the Warrants, and appeared for the defendant; and judgments Were entered in due form; one for upwards of $30, the other for upwards of $40. The sale was made .on executions issued upon these judgments. The property was duly levied on. S. Strong was the receiptor. After the property was delivered to the constable, Mr. Strong, who was attorney for the plaintiff in the execution in the now defendant’s hands, asked the constable if he was going to sell on Dascomb’s executions. The constable said he should keep his own secrets. Mr. Strong then gave notice to the constable and the present plaintiff, that those judgments were void for the reasons I have first stated. The property was sold, and- purchased by the plaintiff. If, therefore, the judgments are void, the plaintiff had notice, and is not entitled to be considered a bona fide purchaser.
The most important, point in this case is, whether the justice had jurisdiction of the person of the defendant Williston. The act of 1824, (6 Laws, 281 c. sess. 47, ch. 238, § 4,) requires that in all cases where a warrant shall issue, the constable shall be commanded to take the defendant and bring him or her forthwith before the justice, to answer the plaintiff in a plea in the same warrant, to be mentioned; and upon the defendant being brought before such justice, he shall proceed to hear and determine the cause; and if the justice who. issued such warrant shall, on the return thereof, be absent or unable to hear and try the cause, the constable serving the same shall take the defendant before the next justice, &c. In the next proceeding section (§ 3) directions are given how to proceed in the case of the defendant’s appearance, or of his non-appearance; but in the case of a warrant, there must be an appearance. In case of a summons, the officer’s return of service by reading it, gives the justice jurisdiction of the person ; but in the case of a warrant the defendant is to be brought before the justice. The phraseology is different. In the case of summons, the defendant appears, or he does not appear : in the case of a warrant, he is brought before *66 the justice. No provision is made for any proceeding in his *absence. It appears to me that the fair construction of the fourth section of the act, requires the defendant’s personal appearance before the justice gains jurisdiction of his person.
I do not find'that this question has been passed upon in any reported case. In Martin v. Moss, (6 John. 126,) the court intimate that a confession without process may be made in person or by attorney. In such case, the voluntary appearance of the parties confers jurisdiction of the persons of the parties. The same principle governed the case of Bromaghin v. Thorp, (15 John. 476.) The case of Sprague v. Shed, (9 John. 140) was decided upon the ground that the cause was discontinued by reason of the plaintiiPs not appearing. In that case, a warrant was issued, and two defendants were taken, one of whom appeared personally. Although there seems to be no express adjudication upon this question under this statute, yet there is an adjudication under one somewhat analogous. The 4th section of the act for suppressing immorality, (2 R. L. 184,) gives power to a justice of the peace to convict offenders against that, act. It does not provide expressly, but impliedly, that the defendant shall be present before the justice previously to a conviction being had. In the case of Bigelow v. Stearns, (19 John. 39,) it was held that a conviction without causing the offender to be brought before the magistrate was void, because the justice had not jurisdiction of the person of the party convicted. That an inferior magistrate must have jurisdiction not only of the subject matter, but of the person, is there asserted and enforced, and the doctrine applied to proceedings under that statute : and Chief Justice Spencer, who delivered the opinion of the court, in conclusion, remarks, that under the 25 dollar act in a proceeding instituted by warrant, had the, same facts occurred, the proceedings would have been erroneous. They would indeed have been not, only erroneous but altogether irregular and void ; the. officer having no jurisdiction, the proceeding is cor.am non judice. Such also is the opinion expressed by Mr. Cowen in his Treatise, *67 276.) K< Upoa a warranty the defendant is actually arrested and brought before the justice.” The judgment was clearly Void so far as it depended bn jurisdiction, to be derived from the warrant and return.
*2. As to the second subdivision of the first point, I am clearly of opinion that the 13th section of the 50 dollar act of 1824, (6 Laws, 286, c,) requiring an affidavit of the defendant upon confession-, relates solely to confessions without process-. But as the justice in this case professed to proceed upon the warrant, that clause is not operative.
The 13th section of the act of 1824, is similar to the 7th section of the Uct of 1818, which has received a construc- . lion by this court in the case of Griffin v. Mitchel, (2 Cowen, 548.) That case differs from the present in this important particular, that there the justice had jurisdiction. When there is jurisdiction, but the magistrate proceeds erroneously, the remedy is by certiorari or writ of error; but when there is no jurisdiction, all is absolutely void, and all are trespassers. [1] Being óf opinion that the judg ments were unauthorized, and not within the jurisdiction of the justice, the executions were no protection to the offi tier, and being void, a sale under them did not alter the ownership of the property. Taken as" judgments by confession, independent of the warrant, they are equally void as to the execution in the hands of the now defendant, Which was at the suit of another creditor of Willistbti. The 13th section of the act Of 1824, expressly declares this *68 as to a purchaser not bona fide ; and we have seen that the plaintiff had full notice, and therefore did not purchase bona fide. The horses and sulkey in question were, in either view, therefore, the property of Williston when the defendant levied on them.
The plaintiff having acquired no title to the property cannot maintain this action.
According to a stipulation in the case, judgment of non suit is to be entered, with double costs to the defendant.[1]
Rule accordingly.'

 This rigorous tufe has been materially qualified; and it has been decided, that a ministerial officer it protected in the execution of a process, issued by the court of limited or getier&l jurisdiction, although the court has not iit fact jurisdiction of the ease, if op. the face of the process it appears that the court has jurisdiction of the subject matter^ and nothing appears therein, to apprise the officer that the pejrson is without the jurisdiction of the court. Savacool v. Broughton, 5 Wen. 170, See silso McGuinty v. Herrick, id. 240. 6 Wen. 367.
c ft has beéü even held that á ministerial officer iS protected if the process is regular and legal oh its face, although he has knowledge of facts rendering it void for want of jurisdiction; Noble v. Holms, 5 Hill, 194. Webber v. Gray, 24 Wen. 485. Watson v. Watson, 9 Conn. 140. This rule, one of protection 'only. The óffidér cannot build up a title under it, sci ás to maintain actions upon it against third persons, Horton v. Hendershot, 1 Hill, 118.

 See Easton v. Chandler, 11 Wen. 91.