GEORGE W. RATHBUN, Appellant, *vs.* JOSEPH MOODY, Respondent.

UPON MOTION TO DISMISS AN ACTION BROUGHT TO THE COURT BY STIPULATION OF PARTIES, WITHOUT AN APPEAL OR WRIT OF ERROR.

The jurisdiction of the Supreme Court is appellate only, (except in such special proceedings as the statute has provided for) and *judgments* or *orders* of the District Courts can only be removed to this Court by appeal or writ of error. Jurisdiction cannot be conferred on the Court by stipulation of parties. If the Court consents to hear a cause brought here by stipulation, it is a mere matter of discretion with them, and they would in no case entertain such a cause, upon the objection of either party to the stipulation.

*By the Court.*—ATWATER, J. The action below, upon complaint, answer and reply, was referred to W. Wilkin, Esq., to hear, try and determine the same, and that judgment be entered on the decision of the said referee, in the same manner as if the action had been tried by the Court. There was a stipulation by the attorneys for the respective parties " that

the report of the referee in the above entitled action, be included in and be made a part of the record in the action, that the Defendant may appeal therefrom to the Supreme Court, whether the decree therein be or be not signed and enrolled, and for the purposes of such appeal the said report be regarded as the final determination of the cause in the District Court in case the appeal shall be taken before such decree shall be signed and enrolled." The report and supplemental report of the referee appears in the paper book furnished the Court, but there is no evidence from the record that the same has been filed with the Clerk of the District Court of Scott County, (where the cause originated) nor that any judgment has been entered thereon. The attorney for the Respondent now revokes the stipulation above quoted, on the ground that the attorney for the Appellant had agreed to stipulate for the insertion in the record of some parts of the testimony given before the referee, which was a condition, as the counsel for the Respondent claims, on which he signed the stipulation, and which agreement the Appellant afterwards refused to perform. The attorney for the Respondent now urges that this Court has no jurisdiction of the cause, and asks that the appeal be dismissed.

In this case there is no record of the proceedings in the Court below certified to this Court, and the paper book comprising the pleadings, stipulations, and report of the referee, and notice of appeal, (made up probably by the attorney for the Appellant) is the only means by which this Court is advised of what has transpired in the action. The jurisdiction of this Court is appellate only, (except in such special proceedings as the statute has provided for) and *judgments* or *orders* in a civil or criminal action, in any of the District Courts, can only be removed to this Court by appeal or writ of error. (*Chap.* 56, *Sec.* 4, *Comp. Stat. p.* 475, *and Chap.* 71, *Sec.* 1, 11 *and* 22, *p.* 621.) There is no provision for conferring jurisdiction on this Court by stipulation. After a Court has acquired jurisdiction of a cause, parties may doubtless stipulate to waive errors, or to waive proceedings required by statute, but consent cannot confer jurisdiction where a statute has provided that it can only be acquired in a certain manner. This Court might consent to hear a cause not brought by appeal or writ of error,

at the request of both parties, but it would be only discretionary, and a method of review which would not be regarded with favor by the Court. And in such case, should either party at the hearing raise the objection that jurisdiction had not been acquired, this Court would not entertain the cause, whatever stipulations might have been made in regard to the removal of the cause, but leave the parties to their legal remedies. The jurisdiction of Courts is conferred by law, and in no case by consent of parties. *Burckle vs. Eckhart,* 3 *Comst.* 137 ; *Bents vs. Graves,* 3 *McCord,* 280 ; *Lindsey vs. McClelland,* 1 *Bibb.* 262 ; 4 *McCord* 80 ; *Coffin, ex. &c. vs. Tracey,* 3 *Caines Rep.* 129; 8 *John.* 409 ; 13 *John.* 218.

The appeal must be dismissed.

EMMETT, C. J.—FLANDRAU, J. Since the examination of this case upon the paper books furnished us, we have been requested by the parties to examine the original return, and some further stipulations not contained in the paper books—which we have carefully done. Such examination only serves to confirm the views which we have before expressed.