STEARNS, ADM'R, *v.* WRIGHT, ADM'R.

At common law the recusation of a judge, except in special cases, does not affect the jurisdiction, but is merely a ground to set aside the verdict on error or appeal.

Hence, when any cause of recusation or exception to a judge exists, such as that he is interested in the result of a suit, or is related to the parties, or has been of counsel, his acts and proceedings as judge, though erroneous, are ordinarily voidable only, and not absolutely void.

In such a case the jurisdiction may be prorogued or the exception waived by the party's proceeding with the prosecution or the defence, after full knowledge of the existence of just ground of recusation without making objection.

Our courts of probate are of special and limited jurisdiction in that they have no jury, and their proceedings are not according to the course of common law; yet they are made courts of record, and over all matters which come within their jurisdiction. That jurisdiction is to be regarded as general, and their judgments in such matters are conclusive, and can be reëxamined only on appeal.

The acts of a judge of probate are absolutely void in cases in which he is forbidden by statute to sit or act as judge, and in cases where his jurisdiction over a case is for special reasons conferred upon another judge.

When a judge of probate acts as counsel in a cause in which he also acts as judge, his acts as judge are not, under our statute, absolutely void, but voidable on appeal.

If a debtor, who owes the estate of a person deceased in another State, resides in or removes into this State, such indebtedness constitutes property of the deceased in this State, within the meaning of our statute, which will justify the appointment of an administrator of said estate in the county where such debtor resides.

Where one party is an executor or administrator, the court may allow the other party to testify, when satisfied that injustice may be done without the testimony of such party; but ordinarily such testimony must be confined to matters concerning which the deceased, if living, would not be a witness.

In such case, an administrator of the same estate in Massachusetts would not be a party to a suit brought by the administrator in this State, so as to disqualify him as a witness when the opposite party is an executor or administrator.

When the question in dispute is whether any claim was presented to a commissioner upon an estate in another State, and if so, whether the claim so presented was the same as that claimed in the present action, it is proper to submit the whole question to the jury.

APPEAL from the decision of the commissioner on John S. Proctor's estate. The declaration contained five counts, as follows:

1. Money had and received by Proctor for the use of Stearns.

2. Land of Shattuck bargained, sold, and conveyed by Stearns to the defendant.

3. Land of Shattuck sold and conveyed by Shattuck to Proctor.

4. Goods of Shattuck sold and delivered by Stearns to Proctor.

5. Interest on money due from Proctor to Stearns.

Amended counts alleged the promises as made to the plaintiff as administrator.

So much of the specification as is material was as follows:

"The plaintiff claims $612.56, and interest thereon from January 19, 1858, being the amount of a note of that date given by said Warren E. Shattuck to said Proctor, and secured by a mortgage of the same date on said Shattuck's real estate, known as the Railroad hotel, in Townsend, Mass. Said note and mortgage were fully paid, accounted for, and satisfied by said Shattuck in his lifetime; but after his decease said Proctor fraudulently represented to the administrator of said Shattuck's estate that they were unpaid and unsatisfied, and thereby obtained a second payment and satisfaction of the same, to the full amount thereof, out of said mortgaged real estate and the estate of said Shattuck."

Levi Stearns was appointed administrator of Shattuck, in Massachusetts, and settled his final account of administration in the probate court of Middlesex county, June 5, 1860. The plaintiff was appointed administrator of Shattuck by the probate court in Hillsborough county, March 24, 1868. The application for his appointment, as well as the appointment itself, is in the hand-writing of the judge of probate for this county; and the plaintiff testified, on cross-examination, that he was advised by said judge of probate to take out letters of administration, and present this claim to the commissioner on Proctor's estate; and that the judge afterwards appeared before said commissioner as counsel for him, and presented the claim for allowance.

It did not appear that at the time of the appointment of the plaintiff as administrator there was any estate, real or personal, belonging to the deceased in Hillsborough county, but it did appear that the plaintiff at that time was a creditor of the estate. Proctor resided in this county at the time of his death, and left estate, real and personal, here.

January 19, 1858, Shattuck executed to Proctor a note for $612.68, and a mortgage of the Railroad hotel in Townsend to secure it. Said note and mortgage were made to secure Proctor for his liability for signing, as surety for Shattuck, two notes, amounting together to the same sum, to one Wellington; and Proctor gave to Shattuck a receipt for said note and mortgage, stating for what they were given, and agreeing that when the Wellington notes were paid, or his liability on them cancelled, the mortgage should be discharged, and the $612.68 note given up. Shattuck paid the Wellington notes before his death, which occurred in February, 1859, and Proctor executed upon the mortgage a

discharge in due form. There was evidence tending to show that Proctor, after Shattuck's death, having possession of the mortgage and discharge written thereon, concealed them, and presented the note to Levi Stearns, the Massachusetts administrator, and claimed that it was due, and that the mortgage was still in full force. Also, that said Levi Stearns had no knowledge for what it was originally given, or that it had been discharged.

At a settlement between Proctor and L. Stearns, in January, 1860, an indorsement was made upon the note, which reduced the amount due to $491.61; and it is only this sum, with interest, which the plaintiff claims to recover.

L. Stearns procured a license from the probate court, and sold the Railroad hotel by auction to S. J. Stearns (the plaintiff), subject to Proctor's mortgage and several others, and conveyed the same to him by deed, dated January 12, 1860,—it being stipulated in said deed that the grantee was to pay said mortgages. February 26, 1861, S. J. Stearns conveyed the same premises to Proctor by quitclaim deed. December 8, 1862, Proctor conveyed the premises to Elvira Stearns, wife of the plaintiff, consideration stated in the deed $2,400, and on the same day the plaintiff and wife conveyed to Proctor land in Mason, N. H., for a consideration, as stated in the deed, of $1,700.

There was no evidence that any claim was ever made by Proctor in his lifetime, or by his administrator, that the balance of the $612.58 note had not been paid; but there was evidence that, at the time of Proctor's death, there was no claim in favor of his estate against Stearns for non-payment of the $491.61. There was evidence tending to show that the plaintiff did not discover the fraud of Proctor, in concealing the mortgage and discharge and collecting the note out of the hotel property, till a short time before he was appointed administrator of Shattuck in New Hampshire, and presented this claim to the commissioner on his estate.

The defendant moved for a nonsuit on the following grounds:

1. Because the judge of probate was counsel for the plaintiff before and fro    the time the plaintiff was appointed administrator until the appeal    this case was taken,—all his acts being for this cause invalid, and con    ently nothing to appeal from.

2. Be    upon the facts proved, there was no authority for the appointn    f an ancillary administrator in this State.

3. Beca    here was a variance between the claim as presented to the commis    r and the claim set forth in the declaration.

4. Becaus    here was a variance between the declaration and the evidence.

5. Because, if any fraud or concealment was practised, it was in regard to the $491.61 secured by mortgage on real estate in Massachusetts, in 1860; and if a right of action accrued thereby, it was to Levi Stearns, administrator in Massachusetts, and should have been prosecuted by him, and cannot be prosecuted by the ancillary administrator in this State.

6. Because if the $491.61, which was allowed on the mortgage as set forth in the deed to S. J. Stearns, was not due, this action for money had and received cannot be maintained, there being no competent evidence that Proctor received the money or its equivalent.

7. Because, upon the evidence, the claim is barred by the statute of limitations.

8. Because, upon the facts presented, the plaintiff is not entitled to recover.

9. Because there was no evidence competent for the jury to consider, upon which they could find a verdict for the plaintiff.

10. Because there was no evidence competent for the jury to consider, tending to show that Proctor in his lifetime ever received anything in money or its equivalent out of the estate of Shattuck, upon the note or mortgage for $491.61.

The motion for a nonsuit was overruled, and the defendant excepted.

There was evidence tending to prove that the following claim was presented to the commissioner on Proctor's estate. "The administrator will claim $612.56, and interest from January 19, 1858. This claim is founded upon a note of that date, given by said Shattuck to said Proctor, and secured by a mortgage of the same date on the property known as the Railroad hotel, in Townsend, Mass. This note was paid or accounted for by Shattuck's estate in the lifetime of said Proctor to said Proctor; and the said Stearns claims that it was not due at the time it was paid or accounted for, and is in fraud of the creditors of said W. E. Shattuck."

The court left it to the jury to say whether the claim for which the plaintiff now seeks to recover was in fact presented to the commissioner on Proctor's estate; and the defendant excepted.

Early in the trial it appeared that the $612.56 note, and mortgage with Proctor's discharge on it, were in the hands of the defendant's counsel, but they declined to produce them. Subject to the defendant's exception, the court allowed the plaintiff to be sworn as a witness, and to testify to the existence and purport of said discharge. He was also permitted further to testify that a specification of this claim was presented to the commissioner on Proctor's estate, but was not permitted to testify to any facts that occurred before Proctor's death. Against the defendant's objection, Levi Stearns was admitted as a witness generally in the case.

Much evidence was introduced bearing upon the state of accounts and dealings between Shattuck and Proctor, which was settled and adjusted by Levi Stearns, as administrator of Shattuck, with Proctor, about January, 1860. Subject to the objection that the administration account, rendered and settled in the probate court, was the best evidence of payments made by Levi Stearns in adjusting the affairs of his intestate, the court permitted said Levi Stearns to testify that he paid $100 to the Townsend bank, on a note signed by Shattuck and Proctor.

Verdict for the plaintiff, which the defendant moves to set aside and and for a new trial for error in the above rulings.

The case was reserved.

*Worcester* and *Morrison & Stanley*, for the defendant.

1. The first position taken on the motion for a nonsuit was well taken, and the court erred in not sustaining it.

The case finds that the plaintiff was appointed administrator of Shattuck by the probate court for Hillsborough county; that the application for his appointment, as well as the appointment itself, was in the hand-writing of the judge of probate for this county; that the plaintiff was advised by the said judge of probate to take out letters of administration, and present this claim to the commissioner on Proctor's estate; and that the judge afterwards appeared before said commissioner as counsel for him, and presented the claim for allowance.

In the 35th article of the bill of rights of this State, it is declared that it is essential to the preservation of the rights of every individual, his life, liberty, property, and character, that there be an impartial interpretation of the laws and administration of justice. It is the right of every citizen to be tried by judges as impartial as the lot of humanity will admit. And in article 81 of the constitution, it is provided that no judge or register of probate shall be of counsel, or act as advocate, or receive any fees as advocate or counsel, in any probate business which is pending or may be brought into any court of probate in the county of which he is judge or register; and in section 9 of chapter 170 of the General Statutes, page 582, it is provided that no judge shall act as counsel or advocate in any business in, or which may be brought into, the court of which he is judge or receiver, or take any fee or compensation for any service in such business or proceeding, except when such fee or compensation is allowed or authorized by law; and in section 8 of chapter 192 of the General Statutes, page 392, it is enacted that no justice shall sit in any case in which he has been concerned as party or attorney, or in any appeal in which he has acted as judge in the court below, nor act as attorney or be of counsel for either party, nor give advice in any matter pending or which may come before the court for adjudication; and section 8 of chapter 199 of the General Statutes, page 405, provides that no person shall act as attorney in any cause in which he has acted as judge.

The foregoing provisions of the constitution and laws of the State show how careful the founders of the government, and the legislature after them, have been to secure to every man a full and fair hearing before an impartial tribunal; and the courts, whenever they have been called upon to give any opinion on questions like the present, have not been behind the legislative department in condemning the acts of any judge or juror, who could by any means be supposed to have any interest or bias in the cause in which he sat as judge or juror. See *Moses v. Julian*, 45 N. H. 52. The case finds that the judge of probate

advised the plaintiff to take out letters of administration. From that moment he became entirely disqualified to act, and all his acts were void. He had no jurisdiction. The appointment of the plaintiff as administrator was void. The acceptance of the report of the commissioner of insolvency was void, and being void, there was nothing to appeal from. *Moses* v. *Julian,* before cited; *Sigourney* v. *Sibley,* 22 Pick. 507, and cases there cited.

It may be urged that, inasmuch as the claim of the plaintiff was disallowed by the commissioner, the defendant cannot complain; but this position cannot be sustained. · The case of *Oakley* v. *Aspinwall,* 3 N. Y. 548, is a very strong case in support of the defendant's position. In that case one of the judges was interested, and that fact was known, and the objection was expressly waived; and yet the court, after mature consideration, decided that they had no jurisdiction, and that the objection could not be waived.

2. The second ground of the nonsuit was well taken.

Warren E. Shattuck, deceased, was never an inhabitant of this State, and had no estate in this county. The probate court for this county had, therefore, no jurisdiction and no authority to appoint the plaintiff administrator. The power to appoint administrators is conferred by statute. See Gen. Stats., ch. 170. The only case where the judge of probate has jurisdiction, in case of a non-resident, is where there is estate in the county. Gen. Stats., ch. 170, sec. 6. If, then, the court had no jurisdiction, the appointment and all subsequent proceedings are absolutely voidable; and if voidable only, the defendant has availed himself of the first opportunity to make the objections, as the docket entries in the case show.

3. The court erred in allowing the plaintiff to testify at all. It is expressly provided, that where the opposite party is an executor or administrator, the other cannot testify, unless it is apparent that injustice would be done by the refusal to allow him to testify. Gen. Stats., ch. 209, secs. 16, 17. It does not appear that any injustice would have been done in this case by not allowing the plaintiff to testify.

4. Levi Stearns ought not to have been permitted to testify. He was in fact the party,—though not to the record, yet the real ·party; for all that was recovered in this suit must come into his hands. The administration in this State was merely ancillary to that in Massachusetts.

5. The testimony of Levi Stearns, in relation to the payment of $100 to the Townsend bank, was incompetent. The account which he rendered in the probate court in Massachusetts as administrator was the record of his doings in connection ·with this estate, and was the best evidence of what was done by him in that capacity, and being the best evidence, should have been produced, or its absence accounted for, before secondary evidence was admissible.

6. The court erred in allowing the question, whether the claim sought to be recovered in the suit was presented to the commissioner on Proctor's estate, to go to the jury. It was a question for the court and not for the jury.

7. The only count in the declaration on which this suit could be maintained was on that for money had and received. There was no evidence, we submit, competent for the jury to consider, tending to prove that the defendant, Proctor, ever received any money or its equivalent from Shattuck, on the claim sought to be recovered. The motion for a nonsuit, therefore, on this ground ought to have been sustained. The count for money had and received cannot be maintained, without showing that money or its equivalent had in fact been received. This principle is too familiar to require the citation of authorities.

*Wadleigh,* for the plaintiff.

I. As to the defendant's first position in his brief:
1. "At common law the recusation of a judge does not affect the jurisdiction, but is merely ground to set aside the judgment on error or appeal, except in cases of inferior tribunals where no writ of error or appeal lies." *Gorrill* v. *Whittier,* 3 N. H. 268; *Moses* v. *Julian,* 45 N. H. 54, and authorities cited; *Cottle, apt.,* 5 Pick. 483.
2. In this case, therefore, the proceedings before the judge of probate are not *void* unless made so by statute.
3. The provisions of the constitution (art. 81) and of the General Statutes (ch. 170, sec. 9) forbidding the judge of probate to act as counsel in a case like this, and making it illegal for him thus to act, do not render the proceedings before him void. *Cottle, apt.,* 5 Pick. 483; *Gorrill* v. *Whittier,* 3 N. H. 268.
4. Section 8 of chapter 192 of the General Statutes, cited in the defendant's brief, does not apply to judges of probate. The cases of *Sigourney* v. *Sibley* and *Oakley* v. *Aspinwall,* cited in the defendant's brief, are not in point, and do not conflict with the plaintiff's position. In both the judge was interested in the estate, and *expressly forbidden to sit by statute.* The cases of *Edwards* v. *Russell,* 21 Wend. 63, and *Cottle, apt.,* 5 Pick. 483, are to the same effect; but in the latter it is expressly held that a different rule applies to cases like this.
5. The only provision of the General Statutes, which can be contended even to change the common law, is that of section 10, chapter 170, which provides for a transfer to another tribunal of any case in which the judge of probate shall deem himself disqualified to sit. The defendant's brief does not refer to this provision. It is not claimed, and there is nothing in the case to show, that the judge of probate deemed himself disqualified to sit in this case. If the defendant had been aggrieved, he would have had a perfect remedy by appeal.
6. Besides, the defendant is estopped from objecting to the jurisdiction of the judge of probate at all, for two reasons: (1) Because the objection should have been taken earlier, so that the plaintiff, if going wrong, could proceed before some tribunal having jurisdiction without delay. (2) Because the decree of the judge of probate allowing the commissioner's report was in the defendant's favor. The case does

not show that any objection was ever made to the jurisdiction until the cause came into this court. It appears that the defendant appeared before the commissioner to contest the plaintiff's claim. It will contravene the plainest rules of law and principles of justice to allow the defendant to come into this court, and, for the first time, raise an objection to the jurisdiction after the plaintiff has lost by the lapse of time all remedy except such as these proceedings may give him.

II. It is contended by the defendant that the judge of probate had no authority to appoint an administrator, because such authority is not expressly given him by statute. But it is well settled that the judge of probate has in very many cases a jurisdiction not conferred by statute, but by the " law of the land." *Morgan* v. *Dodge*, 44 N. H. 258; *Kimball* v. *Fisk*, 39 N. H. 120. Such authority has always been exercised in cases like this. The plaintiff was a creditor of Shattuck's estate, which was insolvent, and he had a right to take ancillary administration here for the purpose of collecting the amount belonging to that estate in Proctor's hands, unless the administrator in Massachusetts chose to interfere. Will it be contended that when the administrator in Massachusetts declined to act, the plaintiff could not take ancillary administration here for the benefit of the estate and to pay his claim, but must seek a circuitous and doubtful remedy in Massachusetts? This position is absurd.

III. The plaintiff was rightfully allowed to testify. *Brown* v. *Brown*, 48 N. H. 90, and authorities cited.

IV. Levi Stearns is not a party to this suit within the meaning of the statute, and was rightfully allowed to testify. He was not liable for costs, nor can he claim any of the proceeds until all the prior claims against said proceeds in this State are satisfied; and when such proceeds come into his hands, they can be applied by him only in payment of claims against Shattuck's estate, so that he is neither the real nor nominal party.

V. The testimony of Levi Stearns, in relation to the payment of $100, was competent. Instead of being the *best* evidence of such payment, his account could not have been competent evidence of such payment in this case. The statement of such payment in such account is simply Levi Stearns's declaration in another court and another proceeding between other parties, and not admissible here.

VI. The question whether the claim was presented to the commissioner was purely a question of fact, to be passed upon by the jury, under the instructions of the court.

VII. The evidence that Proctor received payment of the $491.60 in money, or its equivalent, was competent and almost conclusive. The claim was extinguished, and the evidence shows and the law presumes that it was extinguished, by payment in money or its equivalent. The amended declaration states the promises to have been made to the plaintiff as administrator, &c.

SARGENT, J.  I. At common law, the recusation of a judge does not

affect the jurisdiction, but is merely a ground to set aside the judgment on error or appeal, except in cases of inferior tribunals where no writ of error or appeal lies.  *Gorrill* v. *Whittier*, 3 N. H. 268 ; *Cottle, apt.*, 5 Pick. 483 ; *Moses* v. *Julian*, 45 N. H. 54, and cases.  Therefore, when any cause of recusation or exception to a judge exists, such as that he is interested in the result of a suit, or is related to the parties, or has been of counsel, or the like, his acts and proceedings as judge, though erroneous, are ordinarily voidable, not absolutely void.  *Moses* v. *Julian, supra.*  But in such cases, the jurisdiction may be prorogued, or the exception waived, by a plaintiff who brings his cause before a judge who is known to him to be disqualified to try it ; or, by a defendant who, knowing the existence of just grounds of recusation, appears, and, without objecting, makes defence.  *Ib.* 54.

The statutes of several States have provided that a judge of probate shall not sit in a cause in which he is *interested*, and have provided, also, for the trial of such causes by other judges.  In such cases, it has been held that the acts of a judge of probate, over an estate in which he is interested, were void absolutely.  In such case, the judge could have no jurisdiction, as he was prohibited from sitting or acting in the cause by express provision of the statute.  *Waldron* v. *Berry*, 51 N. H. 136.

Such has been held to be the law in New York, under a similar statute provision.  *Edwards* v. *Russell*, 21 Wend. 63 ; *Low* v. *Rice*, 8 Johns. 409 ; *Clayton* v. *Per Dun*, 13 Johns. 218 ; *Colvin* v. *Luther*, 9 Cow. 61 ; *Striker* v. *Mott*, 6 Wend. 465 ; *Oakley* v. *Aspinwall*, 3 N. Y. 548.  Similar decisions have been made in Massachusetts, under similar laws.  *Cottle, apt.*, 5 Pick. 483 ; *Coffin* v. *Cottle*, 9 Pick. 287 ; *Sigourney* v. *Sibley*, 21 Pick. 101, and S. C., 22 Pick. 507 ; *Davis* v. *Allen*, 11 Pick. 466 ; *Bacon, apt.*, 7 Gray 391 ; *Gay* v. *Minot*, 3 Cush. 352.

A distinction is noticed in Massachusetts, which may throw some light upon this case.  In *Cottle, apt.*, 5 Pick., and *Bacon, apt.*, 7 Gray, *supra*, it is said that though the judge is ousted of his jurisdiction by *interest*, so that his acts as judge are absolutely void, yet that the fact that the judge of probate had acted as the agent or attorney of a creditor of the estate, however improper, would not oust him of his jurisdiction so as to render his official acts void.  The distinction must be founded upon the statute provision.  In the one case the statute says he shall not act or sit as judge, while in the other it is provided that the judge shall not be of counsel, &c., in cases that may come before him as judge.  He is prohibited from acting as counsel, but it is not said that, in such cases, he shall not sit or act as judge ; but the prohibition is that he, being a judge, and it being made his duty to settle all estates in his county, shall not do certain other acts which are deemed to be inconsistent with the fair and faithful performance of those duties which devolve upon him as judge.  In such cases the statute does not take away his jurisdiction as judge, but leaves his acts, as at the common law, not void, but voidable.

What is the character of the jurisdiction of our courts of probate in this State ? and what are the legal provisions and requirements affecting the jurisdiction of the judges of said courts ?

In one view, our courts of probate are of limited and special jurisdiction, viz., in that they have no jury, and their proceedings are not according to the course of the common law. *Wood* v. *Stone*, 39 N. H. 572. Yet they are to be regarded as courts of general jurisdiction on the subjects to which they relate, and are entitled to all the presumptions in favor of their proceedings which are allowed in the case of other tribunals of general jurisdiction,—more especially as they are now made by statute courts of record. Rev. Stats., ch. 152, sec. 19 ; Gen. Stats., ch. 170, sec. 1 ; *Tebbetts* v. *Tilton*, 24 N. H. 120 ; *Kimball* v. *Fisk*, 39 N. H. 110. And their judgments where they have jurisdiction are conclusive. They may be reëxamined on appeal, but cannot be impeached collaterally, except for fraud and want of jurisdiction in the court. *Wilson* v. *Edmonds*, 24 N. H. 517 ; *Merrill* v. *Harris*, 26 N. H. 142 ; *Hurlburt* v. *Wheeler*, 40 N. H. 73 ; *Tebbetts* v. *Tilton*, 24 N. H. 120, and S. C., 31 N. H. 273–288 ; *Kimball* v. *Fisk*, 39 N. H. 110 ; *Hall* v. *Woodman*, 49 N. H. 295.

The constitutional provisions in this State bearing upon this subject, are part 2, art. 79 : " No judge of any court, or justice of the peace, shall act as attorney, or be of counsel to any party, or originate any civil suit in matters which shall come or be brought before him as judge or justice of the peace." Art. 81 : " No judge or register of probate shall be of counsel, act as advocate, or receive any fees as advocate or counsel, in any probate business which is pending or may be brought into any court of probate in the county of which he is judge or register." There is nothing here that forbids the judge from acting in the capacity of judge in any case, but the prohibition is against doing other things that might be inconsistent with his proper position as judge.

We have also several statute provisions that bear upon this question. By General Statutes, ch. 170, sec. 18, it is provided that "no judge shall make or draft any will for any other person, and all wills so made or drawn after July 16, 1864, shall be void ; " and by sec. 19, " no judge shall act as counsel or advocate in any business in, or which may be brought into, the court of which he is judge, or receive or take any fee or compensation in such business or proceeding," &c. ; sec. 21, " any judge who shall violate any of the provisions of this chapter shall be fined not less than fifty nor more than five hundred dollars, one half to the use of the person complaining of such violation." In case of making a will, both parties are visited with a penalty—the judge who makes it to a criminal indictment and fine, and the party who procures him to make it, or for whom it is thus made, being punished by having the will declared void.

Sec. 9, ch. 170, General Statutes, provides that " no judge [of probate] *shall act as such* in the settlement of any estate wherein he is interested as heir or legatee, executor or administrator, or as guardian

or trustee of any person." Sec. 10 provides that " whenever the judge [of probate] shall deem himself disqualified by reason of interest or otherwise to sit in any case, he shall cause a record thereof to be made, and shall adjourn the same to some convenient time and place," and that the judge of any adjoining county may then and there hear and determine the same.

Here the statute is explicit, that if the judge of probate is interested in certain ways he shall not act as judge. In such cases he has and can have no jurisdiction, and his acts in cases of that kind would be absolutely void. So in the other case, where the judge is made the umpire in the first instance to settle the question whether or not he is disqualified, by reason of interest or otherwise, to sit: after he has settled that question affirmatively, and caused the record thereof to be made, and adjourned his court to some convenient time and place, that is the end of his jurisdiction, and the law from that time forth vests the jurisdiction in the judge of an adjoining county. If, after such adjournment, the judge who had previously decided that he was interested so as to disqualify him to sit, should undertake to act as judge in the case, his acts would be absolutely null and void.

Sec. 8, ch. 192, General Statutes, which is referred to by the defendant's counsel, and which provides that " no justice shall sit in any case in which he has been concerned as party or attorney, or in any appeal in which he has acted as judge in the court below, or act as attorney, &c., in any matter pending or which may come before the court for adjudication," is not applicable to this case, as will be seen by an examination of the whole chapter, but refers solely to justices of the supreme judicial court. Sec. 8 of ch. 199 provides that " no person shall act as attorney in any cause in which he has acted as judge."

We find no statute in this State that expressly provides that the acts of a judge of probate, in a cause in which he has acted as counsel, shall be void, or that he shall not act or sit as judge in such a case. The statutes seem to be levelled, not at his acts as the judge of probate, but against his improperly acting at the same time as counsel in the very causes which it is made his duty to hear and determine as judge. This is the precise point settled in *Moses* v. *Julian, supra.* As no statute has made these acts as judge void, or in terms expressly prohibited them, they are properly to be held not void, but, as at common law, only voidable, but in this case good and valid until appealed from, like an erroneous judgment—valid until reversed upon error. *Gorrill* v. *Whittier*, 3 N. H. 265 ; *Bryant* v. *Allen*, 6 N. H. 116 ; *Judge of Probate* v. *Tillotson*, 6 N. H. 297.

The objection in this case, then, comes too late, and must be considered as waived. It does not distinctly appear when the defendant first knew of the fact that the judge of probate of Hillsborough county was acting as counsel for this plaintiff, but the case shows that he thus appeared before the commissioner of said Proctor's estate and presented the claim. A hearing was then had, and an appeal from that decision taken and entered here in this court, and has been continued from term

to term until a trial was finally had by jury, with a verdict against the defendant, and at this trial is the first intimation or notice of any objection of this kind. A motion to dismiss might have been made when the action was first entered in this court; and we think the defendant was bound to make his objection then, as he had full knowledge of the fact before that, or else he must be held to have waived it.

II. Had the probate court power to appoint an administrator in New Hampshire? Sec. 6, chap. 170, General Statutes, provides that " probate of the will and granting of administration on the estate of any person deceased shall belong to the judge of probate for the county in which such person was last an inhabitant; but if such person was not an inhabitant of this State, the same shall belong to the judge for any county in which such person had estate." No one claims that Shattuck, the plaintiff's intestate, was an inhabitant of this State. But Proctor was a resident of this county, with his property here, and his administrator here, and the plaintiff was a creditor of Shattuck; and it was claimed, and the jury have found, that Proctor had in his possession in this county property or estate of said Shattuck; and if he did not have it at the time of Shattuck's death, it is claimed that he fraudulently obtained it of his administrator, Levi Stearns, in Massachusetts, and that it still belonged to the estate of said Shattuck, and as such is now in the hands of Wright, the administrator of Proctor's estate.

This was property that Shattuck's creditors were entitled to, and this plaintiff, being a creditor of Shattuck, and finding that property in this county, might properly be appointed administrator of such estate in this county. Levi Stearns, the administrator of Shattuck in Massachusetts, may not have chosen to come into this jurisdiction to pursue this property; or if he were disposed to come, but a citizen of our State, being a creditor of said Shattuck, chose to avail himself of that chance to secure his debt, we see no objection to his being appointed under the statute of this State with a view to aid our own citizens in collecting their debts from property within this jurisdiction belonging to the estates of their debtors. We apprehend that this is a very common practice in this State, and we see no objection to it under the provisions of our statute. If there were any doubt upon that point, it would at least be included among the common law powers of the court, which it has always held and exercised in this State. *Kimball* v. *Fisk*, 39 N. H. 120; *Morgan* v. *Dodge*, 44 N. H. 258.

III. Did the court err in allowing the plaintiff to testify at all? We think not, since it was to the contents of material papers that he testified, which papers the defendant's counsel had in their possession and refused to produce. It is clearly a case where injustice might have been done without such testimony; and by General Statutes, ch. 209, secs. 16, 17, where one party is an executor or administrator, the court, in its discretion, may permit the other party to testify, when it is made to appear that injustice may be done without the testimony of such party. The witness was confined to facts that had taken place

since Proctor's death, as he should have been, and we think the ruling correct. *Brown* v. *Brown*, 48 N. H. 90.

IV. Levi Stearns is not a party to this suit, nor is he interested in it until the claim of this plaintiff is paid. If any balance should come into his hands in the end, he would hold it for the benefit of the creditors of Shattuck's estate ; so that he is not the real party any more than he is the nominal one.

V. His testimony as to the payment of $100 to the Townsend bank was the best evidence of that fact. The account which he rendered in the probate court of Massachusetts might have been competent evidence for the defendant to have used to contradict his statement as a witness, if it would have contradicted him in that particular, but it would not alone have been competent affirmative evidence for him to have offered. The payment of this money was a fact within his own knowledge, and his testimony on the point was not only competent, but the best evidence in the case.

VI. We see no reason why the question was not properly submitted to the jury, to find whether this claim of the plaintiff was or was not presented to the commissioner on Proctor's estate. The case shows that there was some evidence tending to prove that a certain claim was presented to said commissioner. The jury must judge of the sufficiency of that evidence, and find whether that claim was presented to the commissioner or not. Then there was an objection that the claim set forth in the declaration was not the same presented to the commissioner,. and that the claim referred to in the evidence was not the same as that in the declaration ; and we see no objection to submitting the whole question to the jury, whether there was any claim presented to the commissioner, and if so, what that claim was, or whether or not it was the one which the plaintiff now seeks to recover.

VII. Since the former opinion in this case was delivered (50 N. H. 293), the specification has not only been amended, but the declaration also, by adding counts alleging promises to pay the plaintiff as administrator, according to the suggestion in that opinion,—page 295. The objection of defendant's counsel, that this suit could only be maintained upon the count for money had and received, and that there is no evidence in the case showing money or its equivalent in the hands of Proctor or his administrator, for the use of Shattuck or his administrator, is sufficiently answered, we think, in the former opinion in this case,—page 296. There is no evidence in the case that the statute of limitations was interposed or pleaded to this claim by anybody, and that point is abandoned in the argument ; and we have not, therefore, considered that objection.

The motion for a nonsuit was properly overruled, as were the exceptions to the other rulings of the court, and there must be

*Judgment on the verdict.*