HENRY ALLEY *vs.* A. J. MYERS, HUGH DOUGLASS, and HENRY HARDING.

October Term, 1875.

ATTACHMENT—PARTNERSHIP DEBT—DEFENCE BY ANSWER.—To an attachment sued out on a debt alleged to be due by two defendants as partners, it

is a good defence by one of them, which he may make by answer, that he was not a partner.

**CREDITOR CLAIMING UNDER EXECUTION BY GARNISHMENT MUST SHOW JUDGMENT.**—In a contest between an attaching creditor and a creditor claiming the same property of the common debtor, under a prior execution by garnishment, the latter must show a valid judgment.

**JUDGMENT BY CONFESSION BEFORE A JUSTICE BEYOND JURISDICTION VOID.**—A judgment by confession before a justice on an open account, for an amount over the magistrate's jurisdiction, is void.

**WAIVER OF DEFENCE BY DEBTOR.**—Where, in a contest in this court between creditors over property of a common debtor, the debtor makes no defence against either claim, the surplus after satisfying the prior debt will be applied to the payment of the other.

*M. Vaughn,* for complainant.

*M. M. Brien, jr.,* for defendants.

THE CHANCELLOR :—The bill states that complainant furnished brick to the defendants Myers and Douglass, as partners, for the purpose of erecting a store-house for S. B. Spurlock, and another for the defendant Harding. That he has been paid in part for the brick, leaving a balance due him of $330.69. That defendants Myers and Douglass agreed to pay him at the end of every week for the brick delivered, but, instead of doing so, said Myers clandestinely took the note of Spurlock for the balance due from him, and fraudulently disposed of the same to the defendant Douglass, "for the purpose of hindering and delaying the collection of complainant's debt." The defendant Harding is indebted to Myers and Douglass, or Myers, in the sum of $400, for work done on his house. That Myers is insolvent, and has no property except the Spurlock note and the balance due from Harding, "and is about fraudulently to dispose of the balance of the claim on Harding." The bill prays that the note of Spurlock be attached in the hands of Douglass, and that the debt due from Harding be attached; that these debts be subjected to complainant's claim, etc.

The defendants Douglass and Myers file separate answers. They both deny that they were ever in partnership, and there is no evidence to sustain this charge in the bill. Both

of them say that Myers was justly indebted to Douglass for borrowed money, and the note of Spurlock was assigned by Myers to Douglass in part satisfaction of this debt, and the evidence establishes the indebtedness, and that the note was assigned to Douglass previous to the filing of complainant's bill. Upon this branch of the case there is no difficulty. For, although the complainant's attachment may be good as to Myers,. for want of a plea in abatement to the ground upon which it was sued out, yet the attachment cannot avail against Douglass, who has disproved any connection with Myers. As a creditor he had a right to receive the note in satisfaction of so much of his debt, and from that time Myers had no interest in the note which could be reached by attachment.

The real struggle is over the indebtedness of Harding to Myers. Complainant and Douglass, being each a *bona fide* creditor of Myers, had a right to acquire a lien upon the debt of Harding, if he could, superior to that of his adversary. It was a race of diligence between equally meritorious claimants, and, the equities being equal, the prize must. be awarded to the party having acquired the prior legal right.

The complainant claims by virtue of his bill and the attachment sued out under it. The bill was filed on the 12th of September, 1872, at fifty-two minutes past one o'clock, P. M. The indebtedness sought to be reached having been fully described in the bill, the subsequent levy of the attachment related back to the date of the filing, under § 3507 of the Code. *Vance* v. *Cooper*, 2 Heisk. 93; *Lacey* v. *Moore*, 6 Coldw. 348; *Burroughs* v. *Brooks*, 3. Head, 392.

The defendant Douglass claims under a garnishment by execution, the notice of garnishment having been served upon Harding at half-past eleven o'clock, A. M., of the said 12th of September, 1872. The priority of lien is with Douglass, if his garnishment be good.

In his answer the defendant Douglass says that, after

the assignment to him of the Spurlock note, which was on the same day, 12th September, 1872, "for the balance due, with interest," "he had said Myers to confess judgment in respondent's favor before Esq. Baskette," for the sum of $325. He exhibits with his answer the execution issued on this judgment, and the garnishment notice, but he has neglected to file a certified copy of the judgment. This is a fatal omission, for it is well settled that the right to a garnishment in aid of an execution depends upon the existence of a valid and unsatisfied judgment. *Haynes* v. *Gates*, 2 Head, 598; *Hinkle* v. *Currin*, 2 Humph. 137; *Baldwin* v. *Merrill*, 8 Humph. 132; *Woodfolk* v. *Whitworth*, 5 Coldw. 567.

The reason why the judgment was not filed is perhaps explained by the fact that it would not have helped the case. The claim of Douglass, as admitted in his answer and shown by his deposition, was for borrowed money, loaned at different times, and for which no note or evidence of any kind in writing seems to have been taken. It was, therefore, a debt due by open account. And W. C. Shaw, the constable who had the execution in hand and served the garnishment notice, distinctly says, in his deposition, "the judgment was based upon an account for borrowed money." It is clear, upon this statement, that the judgment was void. The justice of the peace had no jurisdiction to render a judgment on an open account for the sum of $325. This amount was above his jurisdiction on that character of claim, as fixed by the Code, § 4123.

Nor is the fact that the judgment was by the confession of the defendant of any efficacy to change the result. For, by the Code, §§ 2977 and 2978, the power of a justice of the peace to enter judgment by confession is limited by his jurisdiction of the amount. And, by § 2979, "the written evidence" upon which the confession is taken is to be "filed and constitute a part of the record of the cause." This is made plain by § 4125, subsec. 2, which defines the power of a justice of the peace, in such case, to be:

14

" To enter up judgment by confession of a defendant to any amount within his jurisdiction in the particular case."

The result is that the complainant has the better right to the Harding fund to the extent of his debt and the costs of the cause. But, inasmuch as the defendant Myers has made no defence to the attachment, and no contest over the claim of the defendant Douglass, the decree will declare the right of the latter to any surplus due from the defendant Harding to Myers, after satisfying the complainant's debt and costs, under the principle of *Acuff* v. *Read*, 3 Head, 293. It may be, too, that the judgment is, when confessed, only void as against other creditors, and not as to the defendant himself who confesses it. *Griffin* v. *Mitchell*, 2 Cow. 548. At any rate, such confession, and acquiescence in its validity in the present litigation, may well be held to operate as an estoppel to the extent of the property in controversy, and impounded by the attachment and *lis pendens*.

NOTE.—This decision was, upon appeal, affirmed.